IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-513-KDB-DCK

| | |
|---|---|
| SCHAEFER SYSTEMS INTERNATIONAL, INC., ) ) ) Plaintiff, ) ) v. ) ) ALOFT MEDIA, LLC, ) ) Defendant. ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on " Defendant's Motion To Seal" (Document No. 16) filed December 16, 2022 . This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's

request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

In addition, the Local Rules require civil motions to show that "counsel have conferred and attempted in good faith to resolve areas of disagreement." LCvR 7.1(b). "A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied." Id. The pending motion does not indicate that Defendant's counsel conferred with Plaintiff's counsel. (Document No. 16); see also (Document No. 20).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion to Seal" (Document No. 16) is **DENIED WITHOUT PREJUDICE**. However, Document Nos. 17 and 18 shall remain under **SEAL** until otherwise ordered by this Court. Defendant may file a revised motion to seal on or before **December 9, 2022**.

Signed: December 6, 2022

David C. Keesler
United States Magistrate Judge