███████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

SCHAEFER SYSTEMS INTERNATIONAL, INC.,

      Plaintiff,

    v.

ALOFT MEDIA, LLC

      Defendant.

C.A. No. 3:22-cv-513

███████████

**JURY TRIAL DEMANDED**

## BRIEF IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO SEAL AND MOTION TO SEAL FILINGS OF PLAINTIFF

Pursuant to Rules 5.2(d) and (f) of the Federal Rules of Civil Procedure and Local Civil Rule 6.1, Defendant Aloft Media, LLC ("Defendant" or "Aloft") submits this Brief in Support of Defendant's Renewed Motion to Seal and Motion to Seal Filings of Plaintiff.

### I.    REQUESTED RELIEF

Aloft renews its request for leave to file the following documents under seal: Defendant's Exhibits 3, 4, 5, and 6 (DI 18-1 to 18-4), Defendant's Declaration of Britten Sessions (DI 18-5), Defendant's Declaration of Todd Schmidt (DI 18-6), Defendant's Declaration of Andrew Gordon (DI 18-7) and Defendant's Motion to Dismiss (DI 17).

Additionally, Aloft by requests that the Court seal the following documents filed by Plaintiff: Plaintiff's Complaint (DI 1), and Plaintiff's Exhibits 6-11, 16 and 17[1] (DI 1-6 to DI 1-11; DI 1-16; DI 1-17). This is additional relief is separately sought in this combined motion.

---

[1] Aloft also requests that the filename of the sealed exhibit be changed to "DI 1-17 2022-09-29 Exhibit 17."

1

Finally, Aloft attaches redacted versions of Plaintiff's Complaint (DI 1), Exhibit 16 to the Complaint (DI 1-16) and Defendant's Motion to Dismiss (DI 17), which may be made part of the public record.

Aloft conferred with Plaintiff. Plaintiff opposes.

## II. BACKGROUND

Plaintiff Schaefer Systems International, Inc.'s ("Schaefer") filed a complaint for declaratory judgment of noninfringement on October 10, 2022. (DI 1.) Aloft filed a motion to dismiss for lack of personal jurisdiction on December 2, 2022. (DI. 17.) In support of its motion, Aloft included confidential information. Aloft filed a Motion to Seal requesting that certain documents be filed under seal to protect that confidential information. (DI 16.) On December 6, 2022, this Court issued an order denying without prejudice Aloft's Motion to Seal. (DI 21.) Aloft renews its request to have those documents filed under seal. It also requests that the redacted Motion to Dismiss be included in the public file.

Aloft also moves to seal certain documents filed by Schaefer. Its complaint makes certain arguments related to Aloft's alleged business and contains sensitive information that should not be filed publicly. (Dkt. 1.) Shaefer did not file these documents under seal despite many of these documents being labeled "confidential" or "FRE 408." Some of the information Aloft seeks to seal may not have been expressly marked but contains sensitive information exchanged during private discussions that Schaefer should have understood was required to be sealed from the public. These documents include personal information, discussions of confidential information, proprietary and/or sensitive business information, and confidential settlement discussions.

## III. ARGUMENT

The Court may permit a party to file documents under seal. Fed. R. Civ. P. 5.2(d). The sealing of documents filed before this Court is governed by LCvR 6.1. It requires a motion addressing the following:

(1) a non-confidential description of the material sought to be sealed;
(2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
(3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
(4) supporting statutes, case law or other authority.

*Collins v. Chem. Coatings, Inc.*, No. 5:07cv116, 2008 U.S. Dist. LEXIS 100574, at *2 (W.D.N.C. Dec. 1, 2008). When considering a request to seal documents, the Court must weigh the public's right of access to such documents. *See In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2701(d)*, 707 F.3d 283, 289-91 (4th Cir. 2013). In making this determination, courts consider factors such as whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

### A. Non-Confidential Description of the Material Sought to be Sealed

Aloft provides the following non-confidential description of the material that it seeks to have filed under seal:

**Defendant's Exhibit 3:** Emails between Aloft and SSI Schaefer regarding settlement discussions (Dkt. 18-1);

**Defendant's Exhibit 4:** Emails between Aloft and SSI Schaefer regarding settlement discussions (Dkt. 18-2);

3

**Defendant's Exhibit 5:** Emails between Aloft and SSI Schaefer regarding settlement discussions (Dkt. 18-3);

**Defendant's Exhibit 6:** Emails between Aloft and SSI Schaefer regarding settlement discussions (Dkt. 18-4);

**Defendant's Declaration:** Declaration of Todd Schmidt in Support of Defendant's Motion to Dismiss (Dkt. 18-6) containing sensitive business information regarding settlement discussions;

**Defendant's Declaration:** Declaration of Andrew Gordon in Support of Defendant's Motion to Dismiss (Dkt. 18-7) containing sensitive business information regarding settlement discussions;

**Defendant's Declaration:** Declaration of Britten Sessions in Support of Defendant's Motion to Dismiss (Dkt. 18-5) containing sensitive business information regarding settlement discussions;

**Defendant's Brief:** Defendant's Opening Brief in Support of Motion to Dismiss (Dkt. 17) containing sensitive business information and information regarding settlement discussions;

**Plaintiff's Complaint:** Declaratory Judgment Complaint of Non-Infringement (Dkt. 1) containing sensitive business information regarding settlement discussions and personal information;

**Plaintiff's Exhibit 6:** Notice letter from Aloft to SSI Schaefer (Dkt. 1-6) containing sensitive business information;

**Plaintiff's Exhibit 16:** Email between Aloft and SSI Schaefer regarding settlement discussions (Dkt. 1-16); and

**Plaintiff's Exhibit 17:** Licensing Information (Dkt. 1-17) containing sensitive business information.

4

▮▮▮▮▮▮▮▮

### B. Why Sealing Is Necessary and No Alternatives to Sealing Exist

These documents include personal information, discussions of confidential information, proprietary business information, and confidential settlement discussions, much of which is labeled confidential or subject to Fed. R. Evid. 408. Inclusion of this information demonstrates Aloft's lack of contacts with North Carolina and this District, and, therefore, why it is not subject to the jurisdiction of this Court. Disclosing this information publicly, however, would harm Aloft's business. Where possible, Aloft has provided redacted versions of sealed documents that may be included in the public record. However, the remaining documents would require redaction in their entirety and sealing is the only means for protecting disclosure. *Jones v. Lowe's Cos.*, 402 F. Supp. 3d 266, 294 (W.D.N.C. 2019) ("[R]edaction as opposed to sealing is not warranted based on the fact that almost all of the information contained in these documents would require redaction.").

Additionally, certain of Plaintiff's filings appear to be intended to harass Aloft. For example, Plaintiff included personal addresses of alleged Aloft members in paragraphs 10-12 of the Complaint despite the Court's Administrative Procedures Order ("Admin. Order") requiring that parties omit or redact personal data including home addresses. (Admin. Order, II(i).) Replacing Plaintiff's Complaint (DI 1) with Defendant's redacted version is necessary for "protecting personal privacy." (*Id.*) Moreover, that information does nothing to support Plaintiff's assertion that jurisdiction is proper.

Likewise, publicly filing sensitive, confidential business information such as DI 1-17 appears intended to intimidate and harm Aloft. Exhibit 17 to the Complaint (DI 1-17) is marked confidential and subject to Fed. R. Evid. 408 and was provided in a communication marked the same and clearly indicated it was subject to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiff knew that. DI 1-17 expressly states that the licensing information is ▮▮▮▮▮▮▮



. (DI 1-17 (

") (emphasis in original).

Disclosing ███████████████ was clearly wrong and appears to have been done for improper purposes. Indeed, the draft license that Aloft provided in its initial notice letter and again in combination with DI 1-17 makes ███████████████ abundantly clear. (DI 1-6 at 9 ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████. These documents should be sealed. *LifeNet Health v. LifeCell Corp.*, Civil Action No. 2:13cv486, 2015 U.S. Dist. LEXIS 181256, at *11 (E.D. Va. Feb. 11, 2015) ("LifeCell's interest in protecting its and third-parties confidential commercial information is significant enough to outweigh the First Amendment right of access in this case.").

Without submitting to this Court's jurisdiction or forfeiting and/or waiving any objection to jurisdiction, Aloft reserves the right to seek appropriate relief from Plaintiff, which the Court may grant in the absence of jurisdiction. *Cf. Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 145 (4th Cir. 2020).

### C. Permanent Sealing is Sought

Aloft requests the documents remain under seal permanently.

### D. Supporting Law

Many courts have permitted parties to seal sensitive business information. *E.g., Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2022 U.S. Dist.

LEXIS 69398, at *13 (W.D.N.C. Apr. 14, 2022); *Sociedad Espanola De Electromedicina Y Calidad, S.A. v. Blue Ridge X-Ray Co*, No. 1:10-cv-00159-MR, 2014 U.S. Dist. LEXIS 125201, at *3 (W.D.N.C. Sep. 5, 2014) (sealing summary judgment brief of noninfringement and related exhibits and opposition exhibits); *Morris v. Cumberland County Hosp. Sys.*, No. 5:12-CV-629-F, 2013 U.S. Dist. LEXIS 165063, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) (confidential proprietary **business** information may have higher value that overcomes common law and First Amendment right of access); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 U.S. Dist. LEXIS 26720, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (sealing "[c]onfidential and proprietary commercial information, including information relating to alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters"); *East West, LLC v. Rahman*, No. 1:11cv1380, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (sealing highly sensitive financial data, the disclosure of which is likely to cause significant harm to the competitive business position of the defendant).

As these cases demonstrate, the common law presumption of public access is overcome when the information is confidential, proprietary, or sensitive business information that could potentially harm the business if disclosed. That applies here.

## IV. CONCLUSION

For the forgoing reasons, Aloft respectfully requests that the Court grant leave to file the above listed documents under seal and to file the redacted documents in the public record.

Date: December 9, 2022

s/ Derek Dahlgren

Derek Dahlgren (*pro hac vice*)
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
410-375-7230
Email: ddahlgren@devlinlawfirm.com

J. Douglas Grimes
Allen, Chesson & Grimes
505 N. Church Street
Charlotte, NC 28202
704-755-6012
Email: dgrimes@allenchesson.com

*Attorneys for Defendant*
*Aloft Media, LLC*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

/s/ Derek Dahlgren
Derek Dahlgren

9