# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| SCHAEFER SYSTEMS INTERNATIONAL, INC., ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:22-cv-513 |
| vs. ) ) | |
| ALOFT MEDIA, LLC, ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) | |

## PLAINTIFF SCHAEFER SYSTEMS INTERNATIONAL, INC.'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO SEAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………...............ii

I.    INTRODUCTION…………………………………………………………….................1

II.   STATEMENT OF FACTS…………………………………………………………....2

III.  ARGUMENT…………………………………………………………….............5

      A.    No Good Cause Exists for Redacting Defendant's Motion to Dismiss or Sealing
           its Exhibits……………………………………………………………………...5

      B.    No Good Cause Exists for Redacting Plaintiff's Complaint or Sealing
           its Exhibits……………………………………………………………………7

           1.    Defendant's request to seal exhibits to the complaint is an
                after-thought and should be dismissed as untimely………………………..7

           2.    Despite being given a second chance, Defendant's Motion
                to Seal still does not comply with LCvR 6.1(c)(1) and (2)…...……………7

           3.    There was no reasonable expectation of confidentiality since
                Defendant's demand letter and claim charts were unsolicited,
                provided without an NDA, and not subject to any protective order………9

           4.    Fed. R. Evid. 408 is inapplicable since it relates to admissibility,
                not confidentiality…………………………………………….…............10

IV.   CONCLUSION…………………………………………………………………….12

i

# TABLE OF AUTHORITIES

**Cases:**                                                            **Page(s):**

*Athey v. Farmers Ins. Exchange,*
234 F.3d 357 (8th Cir. 2000)………………………………………………………..11

*David v. Alphin,*
No. 3:07-CV-11, 2010 WL 725861 (W.D.N.C. Feb. 25, 2010)………………………………..8

*Fleet Feet, Inc. v. Nike, Inc.,*
No. 1:19-cv-885, 2019 WL 13143444 (M.D.N.C. Dec. 6, 2019)………………………………7

*GemShares, LLC v. Kinney,*
No. 17-cv-844, 2017 WL 1092051 (S.D.N.Y. Mar. 15, 2017)……………………………….11

*Helios Streaming, LLC v. Vudu, Inc.,*
No. 19-cv-1792, 2021 WL 254069 (D. Del. Jan. 26, 2021)
report and recommendation adopted, 2021 WL 1138024 (D. Del. Mar. 25, 2021)……………10

*Hudson v. Volunteers of Am. of Carolinas,*
5:18-CV-191-FL, 2019 WL 1767564 (E.D.N.C. Apr. 22, 2019)………………………………6

*Nixon v. Warner Communications, Inc.,*
435 U.S. 589 (1978)…………………………………………………………………………8

*Opus Bank v. Liberty Ins. Underwriters, Inc.,*
No. 13-cv-00469, 2013 WL 12123999 (C.D. Cal. July 26, 2013)…………………..............8, 9

*Rhoades v. Avon Prods., Inc.,*
504 F.3d 1151 (9th Cir. 2007)………………………………………………………………12

*SanDisk Corp. v. STMicroelectronics, Inc.,*
480 F.3d 1372 (Fed. Cir. 2007)……………………………………………………………10, 11

*Sleep No. Corp. v. Young,*
No. 20-cv-01507, 2022 WL 3045036 (D. Minn. Aug. 2, 2022)………………………………11

*Stone v. Univ. of Maryland Med. Sys. Corp.,*
855 F.2d 178 (4th Cir. 1988)………………………………………………………………8

*U.S. ex rel. Permison v. Superlative Techs., Inc.,*
492 F. Supp. 2d 561 (E.D. Va. 2007)………………………………………………………..9

*Vertigo Media, Inc. v. Earbuds Inc.*,
   No. 21-cv-120, 2021 WL 4806410 (D. Del. Oct. 14, 2021)……………………………………..10

*Virginia Dept. of State Police v. Washington Post*,
   386 F.3d 567 (4th Cir. 2004)……………………………………………………………………8

**Rules and Regulations:**

Fed. R. Civ. P. 4(e)(1)……………………………………………………………….................6

Fed. R. Evid. 408……………………………………………………………………………*passim*

LCvR 6.1………………………………………………………………………………..4, 6

LCvR 6.1(c)(1)………………………………………………………………………….1, 7, 8

LCvR 6.1(c)(2)……………………………………………………………………….................7, 9

LCvR 7.1(b)………………………………………………………………………………….4

N.C.R. Civ. P. 4(j)(6)(c)…………………………………………………………….................6

N.C.R. Civ. P. 4(j)(8)(c)…………………………………………………………….................6

Plaintiff Schaefer Systems International, Inc. ("Schaefer" or "Plaintiff"), by and through their counsel, Shumaker, Loop & Kendrick, LLP, respectfully opposes Defendant Aloft Media, LLC's ("Aloft" or "Defendant") Renewed Motion to Seal, ECF No. 24.

## I.    INTRODUCTION

Defendant's Renewed Motion to Seal fails for many of the same reasons that the Court cited when it denied Defendant's Initial Motion to Seal [ECF 16, 21]—*i.e.*, it fails to sufficiently identify and describe the requested materials in accordance with LCvR 6.1(c)(1) and (2). Putting aside Defendant's habitual non-compliance with the local rules, Defendant's request is internally inconsistent—it asks this Court to seal exhibits and declarations relating to its Motion to Dismiss, but then freely cites those materials in its opening brief in support of that motion *without proposed redaction*. Redacting the *substance* of the exhibits and declarations thus serves no purpose. The proposed redactions to its Motion to Dismiss [ECF 17] reveal Defendant's only goal is to conceal the *identities* of its patent counsel, agents, and officers, not the substance of their declarations or their pre-suit correspondence with Schaefer. But, as demonstrated below, the identifies of the three declarants, as well as their affiliation with Defendant, are publicly known. Accordingly, no good cause exists to redact/seal the Motion to Dismiss or its exhibits.

Secondly, Defendant's request to seal exhibits to Schaefer's complaint, filed almost **three months ago**, should be summarily denied for that reason alone—*i.e.*, that request was not even part of Defendant's Initial Motion to Seal [ECF 16], and the complaint has already become a matter of public record by virtue of Defendant's lack of diligence. Additionally, Defendant cannot claim confidentiality over materials which it freely sent to Schaefer (and countless other licensing targets), **unsolicited**, without a prior agreement (*e.g.*, NDA) or protective order in place. Nor does Defendant carry its burden of establishing that each of the eight exhibits it seeks to seal would

1

further harm Defendant if they remained public, after three months in the open. No good cause exists for sealing Schaefer's complaint or its exhibits.

## II.      STATEMENT OF FACTS

Plaintiff filed its Complaint on September 29, 2022 seeking declaratory relief relating to its non-infringement of Defendant's patents, and thereafter provided a courtesy copy to Defendant's patent counsel, who confirmed receipt of same. [ECF 18-4.] The Complaint was filed publicly and no redactions were made. Exhibits to the Complaint included: (1) Defendant's Demand Letter [ECF 1-6]; (2) claim charts [ECF 7-11]; (3) an email chain between the Parties [ECF 1-16]; and (4) a list of Defendant's purported licensees. [ECF 1-17.]

Notably, the aforementioned exhibits were sent to Plaintiff ***unsolicited***, not under the protection of a Non-Disclosure Agreement (NDA), and without any understanding—formal or otherwise—that the Exhibits contained sensitive business information. In its Complaint, Plaintiff alleges that, as a patent troll, Defendant routinely sends nearly identical letters and claim charts to other target companies, all presumably unsolicited and without an NDA.

On October 21, 2022, Defendant's outside patent counsel—Mr. Derek Dahlgren—reached out to Schaefer to ask for an extension of time to respond to the Complaint. Exhibit 1, pg. 11. Several emails were exchanged between the Parties, mostly to discuss an early settlement conference. *Id.*, pgs. 8-11.

On November 10, 2022, forty days after the Complaint was filed, and nearly twenty days into the Parties' settlement discussions, as an after-thought in one of Defendant's emails regarding scheduling, Defendant first suggested that "a number of exhibits to the complaint are confidential and/or marked Rule 408" and that "[w]e'd like to get those under seal asap." Exhibit 1, pg. 7.

2

The following day, On November 11, 2022, Plaintiff promptly responded, telling Defendant that:

> *First*, with respect to alleged confidentiality of the exhibits, I am not aware of any agreements between the parties related to confidentiality. If you are aware of such an agreement which might support the confidential indication on the documents, please advise. There is a substantial body of case law on this point.

> *Second*, with respect to Rule 408, as you know, FRE 408 is a rule of evidence which speaks to admissibility, not confidentiality. Further, under FRE 408, the exhibits are unqualified factual assertions and are included with the Complaint to support Schaefer's NC APAA claim.

> *Third*, I note that Judge Bell has not entered a protective order in this case. Defendant filed its Motion to Seal [ECF No. 17] on December 2, 2022.

> That said, I'm open to a discussion if you can provide case law and compelling arguments in support of sealing the exhibits.

Exhibit 1, pg. 6. Defendant responded only that he would "look[] into it." *Id.* In a subsequent email, Defendant stated that "[w]e will provide a redacted version of the complaint" and emphasized that "we'll have to seek relief from the Court" if "we can't reach an agreement shortly." *Id.*, pg. 4. No redacted version was ever provided. And Defendant would not seek relief for another month.

On November 14, 2022, Schaefer sent Defendant a comprehensive email, replete with case law and elaborating on Schaefer's positions, including: (1) that there was no "expectation of confidentiality in [Defendant's] unsolicited demand letter;" (2) that Defendant had not yet explained "what specific language in the demand letter and claim charts rise to [the] level" of overcoming the "strong presumption in favor of public access to court records;" and (3) that, by that point, it had been well over a month since the complaint was filed, which "cuts against [Defendant's] contention that the demand letter and claim charts are confidential." *Id.* pgs. 2-4. Plaintiff's comprehensive email ended with the following plea to Defendant:

> As I'm sure you are aware, any motion to seal will be governed by LCvR 5.2.1(c), which sets forth several requirements for such a motion. So that our next conversation can be productive, and since you must have already thought through

3

these issues, I would ask that you address the four factors of LCvR 5.2.1(c) in your response. Specifically, for each exhibit you believe should be sealed, it would helpful to know why sealing is necessary, whether some documents can be redacted in part (including those proposed redactions), and whether you seek a permanent or temporary sealing.

Defendant never responded.[1]

From that point, the trail turned ice cold. Though the Parties continued to correspond regarding scheduling and other matters, Defendant never responded to Plaintiff's email or sought any form of relief from the Court.

Several more weeks passed and, on December 2, 2022, Defendant filed its Initial Motion to Seal. [ECF 16.] By this point, more than two full months had passed since the Complaint was publicly filed. Yet, in its December 2, 2022 Initial Motion to Seal, ***Defendant did not request to seal anything relating to the Complaint***. Instead, Defendant sought only to seal a handful of emails, three declarations prepared in support of its Motion to Dismiss, and the Motion to Dismiss itself. [*See* ECF 16.]

The Court denied Defendant's Initial Motion to Seal on December 6, 2022 for, *inter alia*, failure to comply with LCvR 6.1 and LCvR 7.1(b). [ECF 21.] In doing so, the Court provided that "Defendant may file a revised motion to seal on or before December 9, 2022." [*Id*.]

Defendant's December 9, 2022 Renewed Motion to Seal included an additional list of requested documents to be sealed. [ECF 24-1, pg. 1 ("This [] additional relief is separately sought in this combined motion.").] Now, for the ***first time***, Defendant wishes to seal exhibits attached to Plaintiff's September 29, 2022 Complaint.

---

[1] Defendant's lack of response carried over to Defendant's Initial Motion to Seal, which the Court denied for failure to address these same four factors which Schaefer had brought to Defendant's attention one month earlier.

## III.   ARGUMENT

### A. No Good Cause Exists for Redacting Defendant's Motion to Dismiss or Sealing its Exhibits

Defendant asks the Court for permission to redact portions of its Motion to Dismiss and to seal several supporting documents in their entirety. But Defendant fails to explain how any of the proffered exhibits contain sensitive business information. They do not. Moreover, though Defendant argues that the exhibits and declarations themselves contain confidential information, Defendant does not propose redacting that same information in the body of its Motion to Dismiss. Rather, Defendant appears solely concerned with hiding the *names* of the three declarants. Particularly because these declarants' affiliation with Defendant is public knowledge, nothing in Defendant's Motion to Seal warrants redaction or sealing.

First, Defendant's description of Exhibits 3-6 to its Motion to Dismiss [ECF 18-1, 18-2, 18-3, 18-4] as emails "regarding settlement discussions" is generous at best. [*See* ECF 24-1, pgs. 3-4.] Defendant fails to identify—nor can Schaefer find—any settlement discussions in those exhibits. Exhibit 6, for instance, is no more than email from Defendant acknowledging receipt of the Complaint. [ECF 18-4.] To date, Defendant has not identified what (if anything) should be redacted from those exhibits, let alone justify sealing them in their entirety.

Second, for Defendant's three supporting declarations [ECF 18-5, 18-6, 18-7], Defendant fails to identify what (if anything) should be redacted and/or why the remaining (non-confidential) portions of those declarations cannot be publicly filed. Specifically:

1) ECF 18-5 is Defendant's version of the chronology of the Parties' communications, but does not discuss the *substance* of those communications. To the extent Defendant seeks to protect the dates on which the Parties spoke and the individuals who participated in those calls, Schaefer disagrees that such facts are sensitive or confidential, or would cause harm to Defendant. Moreover, this same (apparently confidential) chronology is openly discussed in the body of Defendant's Motion to Dismiss, without proposed redactions. [ECF 24, pg. 2.]

5

2) ECF 18-6 is intended to support Defendant's plea that it believed it was threatening a German entity rather than a North Carolina one. Yet, as above, in the underlying Motion to Dismiss, Defendant does not even propose redacting the substance of what is offered in ECF 18-6. [*See, e.g.*, ECF 24, pgs. 2-3 (citing and quoting from ECF 18-6 without proposed redactions).] Again, even accepting Defendant's own proposed redactions to the Motion to Dismiss [ECF 24], the only information from ECF 18-6 that Defendant actually seeks to protect are the three declarants' names.

3) ECF 18-7 discusses Defendant's alleged lack of contacts with North Carolina and reiterates Defendant's belief that it expected confidentially even though there was no such agreement. Yet again, these same facts are openly discussed in the Motion to Dismiss, and only the declarants' names are proposed for redaction.

For the avoidance of doubt, the identity of each of the three declarants and their respective affiliation with Defendant and its admitted licensing agent, George Street Partners, is publicly known. *E.g.*, Exhibit 2 (Defendant's own website which reads "For licensing inquiries please contact: George Street Partners, Attn: Todd Schmidt); *see also* Exhibits 3-6 (publicly available documents); ECF 1, ¶ 10 (declarant Gordon listed as registered agent for Defendant on the Texas Secretary of State website).[2] Defendant's peculiar request to seal only the declarants' names is also internally inconsistent, since, in the 'Requested Relief' section of its supporting brief,

---

[2] In its Motion to Seal, and under the guise of apparent confidentiality and an accusation of harassment, Defendant also proposes to redact the names and addresses of Defendant's members identified in ECF 1, ¶¶ 10-11. [ECF 25, pg. 5.] Contrary to Defendant's implications, these names were not even obtained from materials shared by Defendant, nor are they intended to harass or to establish jurisdiction. Rather, they were collected by Schaefer as part of drafting the Complaint, from publicly available sources, for the purpose of identifying additional addresses at which Defendant could properly be served with process. *Hudson v. Volunteers of Am. of Carolinas*, No. 5:18-CV-191-FL, 2019 WL 1767564, at *5 (E.D.N.C. Apr. 22, 2019) ("Service of process on business entities generally may be perfected by sending registered or certified mail, return receipt requested, to an officer, director, managing agent, or agent authorized to be served process.") (citing Fed. R. Civ. P. 4(e)(1); N.C.R. Civ. P. 4(j)(6)(c), 4(j)(8)(c)). No good cause exists for redacting ECF 1, ¶¶ 10-11.

6

Defendant identifies Britten Sessions, Todd Schmidt, and Andrew Gordon, *without* proposed redaction. [ECF 24-1, pg. 1.][3]

### B. No Good Cause Exists for Redacting Plaintiff's Complaint or Sealing its Exhibits

*1. Defendant's request to seal exhibits to the complaint is an after-thought and should be dismissed as untimely*

Plaintiff's Complaint has been a matter of public record since it was filed almost **three months ago**. The Parties' correspondence demonstrates that Defendant initially raised the issue of confidentiality but then abandoned that pursuit without explanation. Specifically, despite first raising the issue of confidentiality on November 10, 2022, Defendant waited until its *Renewed* Motion to Seal on December 9, 2022 to bring the issue to the Court's attention. *Fleet Feet, Inc. v. Nike, Inc.*, No. 1:19-cv-885, 2019 WL 13143444, at *2 (M.D.N.C. Dec. 6, 2019) (allegedly confidential information was "included in [the] complaint, served on Nike in mid-September…and Nike took no steps toward sealing it until mid-October. …Sealing this information would serve no purpose"). Defendant has not (and cannot) justify its lack of diligence. For this reason alone, the portion of Defendant's Renewed Motion to Seal relating to the Complaint should be denied.

*2. Despite being given a second chance, Defendant's Motion to Seal still does not comply with LCvR 6.1(c)(1) and (2)*

When it denied Defendant's Initial Motion to Seal [ECF 16], the Court included the language of LCvR 6.1 in its order and permitted Defendant to renew its motion in light of the local rules. Defendant's Renewed Motion to Seal still fails to comply with LCvR 6.1(c)(1) and (2).

---

[3] Defendant's dilemma is also an issue of its own making, since Defendant could have easily conjured a naming system and cited to each of the respective declarations without using the declarants' last name. Had it done so, and since the *only* proposed redactions in the Motion to Dismiss are to these three last names, there would be no reason remaining to apply any redactions to the Motion to Dismiss. This further demonstrates the absurdity of Defendant's request to seal supporting exhibits which are cited and quoted freely in the underlying Motion to Dismiss.

First, though Defendant wishes to redact the Complaint and seal eight exhibits, Defendant only provides a "non-confidential description" of three of the eight exhibits. [ECF 25, pg. 4 (describing Exhibits 6, 16 and 17).] For the remaining Exhibits, Nos. 7, 8, 9, 10, and 11 [ECF 1-7 through 1-11], Defendant's brief is silent. LCvR 6.1(c)(1) is "intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed." *David v. Alphin*, No. 3:07-CV-11, 2010 WL 725861, at *2 (W.D.N.C. Feb. 25, 2010). Defendant's failure to properly identify—let alone describe—Exhibits 7-11 of the Complaint falls short. For at least this reason, that portion of Defendant's request should be denied as failing to comply with LCvR 6.1(c)(1).

Second, rather than provide a "statement indicating why sealing is necessary" as to each of the requested materials, which comprise emails, claim charts, a demand letter, and a purposed list of licensees, Defendant only ever refers to and discusses them collectively as "these documents." [*E.g.*, ECF 25, pg. 5.] Altogether, Defendant is asking to seal ***285 pages*** of materials across eight different documents, yet Defendant makes no effort to discuss their uniqueness as it pertains to confidentiality. For instance, in its Demand Letter, Defendant admits that each of the claim charts is "based on publicly accessible information," [*see* ECF 1-6], yet Defendant never explains why they are confidential. *But see Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) ("The common law presumes a right of the public to inspect and copy all 'judicial records and documents.'") (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

As another example, Defendant fails to explain how any of the language in its Demand Letter could cause harm if it were publicly known. *Opus Bank v. Liberty Ins. Underwriters, Inc.*, No. 13-cv-00469, 2013 WL 12123999, at *2 (C.D. Cal. July 26, 2013) (denying motion to seal

where "[plaintiff] merely refers to the demand letter in its entirety…[n]or does [plaintiff] provide any explanation for how the 'internal decision making process' purportedly disclosed in the demand letter could potentially be used by [plaintiff's] competitors to gain a competitive advantage."). Defendant's justification for redacting (let alone sealing) the Demand Letter falls below that in *Opus*, since Defendant does not even refer to an 'internal decision making process' or any other possible harm.

As another example, Defendant's purported list of licensees [ECF 1-17] is not even marked confidential—to the contrary, the asterisk at the bottom indicates that the unnamed entities (*e.g.*, "41 Large Technology Companies") are the only ones that paid "a premium for confidentiality" and that the named entities did not. Regardless, Defendant's justification (or lack thereof) falls short of the specificity demanded by the local rules in order to overcome the presumption in favor of open access to court records.[4] For at least this additional reason, Defendant's motion should be denied as failing to comply with LCvR 6.1(c)(2).

> 3. *There was no reasonable expectation of confidentiality since Defendant's demand letter and claim charts were unsolicited, provided without an NDA, and not subject to any protective order*

Defendant opened a dialogue between the Parties on March 4, 2022 when it mailed its Demand Letter, accompanied by a draft license agreement and claim chart. [ECF 1-6.] The Parties had no pre-existing relationship, such that there was not (nor could there have been) a reasonable expectation of confidentiality.

---

[4] Defendant's conclusory claim (apparently applicable to all of the materials) that the materials would harm Defendant's reputation has been previously rejected as inadequate. *U.S. ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564–65 (E.D. Va. 2007) ("The second ground for resealing—the risk of harm to [defendant's] reputation—is easily disposed of given the Fourth Circuit's clear statement that "simply showing that the sealed information would harm a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records."").

In suggesting otherwise, Defendant relies on the fact that "Schaefer's counsel never indicated it did ***not*** agree with those [confidentiality] designations." [ECF 18-5, ¶ 9 (emphasis added).] In other words, that confidentiality was somehow established by virtue of Schaefer's failure to raise the issue with Defendant prior to ever being contacted by Defendant. But confidentiality cannot be established in this paradoxical way, let alone defined. *See Helios Streaming, LLC v. Vudu, Inc.*, No. 19-cv-1792, 2021 WL 254069, at \*2 (D. Del. Jan. 26, 2021), report and recommendation adopted, 2021 WL 1138024 (D. Del. Mar. 25, 2021) ("From September 2018 through March 2019, Helios repeatedly contacted Vudu via email, requesting confirmation of Vudu's receipt of the Notice Letter, inquiring about Vudu's internal investigation regarding a potential licensing deal, and ***requesting that Vudu execute a non-disclosure agreement ("NDA") so that the parties could advance licensing negotiations***… ***and offered to provide claim charts and licensing terms under an NDA***"); *Vertigo Media, Inc. v. Earbuds Inc.*, No. 21-cv-120, 2021 WL 4806410, at \*1 (D. Del. Oct. 14, 2021) ("Plaintiffs sent Defendant's counsel a draft complaint for infringement of the Asserted Patents, ***as well as a draft non-disclosure agreement ("NDA ") to allow the parties to exchange confidential information***.") (emphasis added).

Where, as here, Defendant neither offered to execute an NDA or discuss the terms of a confidentiality agreement, one cannot be imposed after the fact. Accordingly, since all of the relevant materials were exchanged without a reasonable expectation of confidentiality, no good cause exists for sealing or redacting.

### 4. *Fed. R. Evid. 408 is inappliable since it relates to admissibility, not confidentiality*

Defendant's passing reference to Fed. R. Evid. 408 is inapplicable to the issue of whether the relevant materials are *confidential* and should be sealed. Defendant cannot rely on Fed. R.

Evid. 408 as a substitute for a confidentiality agreement. *See, e.g., SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1375 (Fed. Cir. 2007) ("To avoid the risk of a declaratory judgment action, ST could have sought SanDisk's agreement to the terms of a suitable confidentiality agreement. The record before us reflects that the parties did not enter into such an agreement. Rather, ST sought to condition its open licensing discussions and the infringement study on adherence to Federal Rule of Evidence 408. That rule expressly relates to evidence of efforts toward compromising or attempting to compromise a claim in litigation and does not prevent SanDisk from relying on the licensing discussions and infringement study to support its claims.").

Additionally, where, as here, the demand letter and claim charts evidence Defendant's bad faith and support Schaefer's claims under North Carolina's Abusive Patent Assertion Act, *see* ECF 1, ¶¶ 129-164, and are not being offered to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," Fed. R. Evid. 408 is inapplicable. *See, e.g.*, *Athey v. Farmers Ins. Exchange*, 234 F.3d 357 (8th Cir. 2000) (evidence of settlement offer by insurer was properly admitted to prove insurer's bad faith); *GemShares, LLC v. Kinney*, No. 17-cv-844, 2017 WL 1092051, at *2 (S.D.N.Y. Mar. 15, 2017) ("GemShares did not use Kinney's demand letter and draft complaint to prove or disprove the validity of a disputed claim in violation of Fed. R. Evid. 408(a); rather, GemShares referenced those documents to provide the background context in which it filed its action for declaratory judgment").

Lastly, several of the relevant materials—particularly the claim charts [ECF 1-7, 1-8, 1-9, 1-10, and 1-11] and the purported list of licensees [ECF 1-17]—do not even contain an offer of settlement. *See, e.g., Sleep No. Corp. v. Young*, No. 20-cv-01507, 2022 WL 3045036, at *1 (D. Minn. Aug. 2, 2022) ("it appears that the information quoted from the mediation brief in Plaintiffs'

Memorandum does not include any offers of settlement but rather explains the parties' positions in the underlying litigation."); *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007) (it is "perfectly acceptable under Rule 408" to use "threats" and other settlement evidence to "satisfy the jurisdictional requirements of an action for declaratory relief.").

## IV.    CONCLUSION

For the foregoing reasons and pursuant to the authority cited, Defendant's Renewed Motion to Seal [ECF 24] should be denied—*i.e.*, Schaefer's publicly-filed Complaint [ECF 1] should not be disturbed, and Defendant should be ordered to publicly file its Motion to Dismiss and exhibits [ECF 17].

This the 22nd day of December, 2022.

Respectfully submitted,

*/s/ Tom BenGera.*
Samuel Alexander Long, Jr. (N.C. Bar No. 46588)
Lucas D. Garber (N.C. Bar No. 47756)
Tom BenGera (N.C. Bar No. 57019)
SHUMAKER, LOOP, & KENDRICK, LLP
101 S Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
Email: along@shumaker.com
        lgarber@shumaker.com
        tbengera@shumaker.com

*Attorneys for Plaintiff Schaefer Systems International, Inc.*

12

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, the foregoing **OPPOSITION TO DEFENDANT'S RENEWED MOTION TO SEAL** was electronically filed via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Tom BenGera.*
Tom BenGera. (N.C. Bar No. 57019)
SHUMAKER, LOOP, & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, NC 28280
Tel: 704-945-2911
Fax: 704-332-1197
Email: tbengera@shumaker.com

13