# EXHIBIT 1

**From:** Derek Dahlgren
**To:** Long, Alex; Doug Grimes
**Cc:** BenGera, Tom; Garber, Lucas D.; Sidebottom, Cecilia M.; Mariam Clayton; DLF-Lit Paras
**Subject:** RE: Schaeffer Systems Int"l Inc. v. Aloft Media LLC 3:22-cv-513
**Date:** Tuesday, November 15, 2022 5:57:00 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png

CAUTION: External Email

Alex, I'll respond separately regarding the confidentiality dispute.  But for the meeting on Thursday, I'll be attending for Aloft.

**From:** Long, Alex <along@shumaker.com>
**Sent:** Monday, November 14, 2022 9:06 PM
**To:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>; Doug Grimes <dgrimes@allenchesson.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>; Mariam Clayton <mclayton@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Derek,

We are still reviewing the case law cited in your most recent email. In the meantime, and to facilitate a meaningful discussion on this issue, I wanted to address the following points relating to confidentiality/FRE 408:

As to your request for case law support regarding the expectation of confidentiality in an unsolicited demand letter, *see Helios Streaming, LLC v. Vudu, Inc.*, No. CV 19-1792-CFC-SRF, 2021 WL 254069, at *2 (D. Del. Jan. 26, 2021), report and recommendation adopted, No. CV 19-1792-CFC/SRF, 2021 WL 1138024 (D. Del. Mar. 25, 2021) ("From September 2018 through March 2019, Helios repeatedly contacted Vudu via email, requesting confirmation of Vudu's receipt of the Notice Letter, inquiring about Vudu's internal investigation regarding a potential licensing deal, and ***requesting that Vudu execute a non-disclosure agreement ("NDA") so that the parties could advance licensing negotiations*** *...* ***and offered to provide claim charts and licensing terms under an NDA"***); *see also Vertigo Media, Inc. v. Earbuds Inc.*, No. CV 21-120 (MN), 2021 WL 4806410, at *1 (D. Del. Oct. 14, 2021) ("On May 20, 2020, Plaintiffs sent a cease and desist letter to Jason Fox, the founder of Earbuds, Inc. (D.I. 16 ¶ 2). After some communications back and forth (including several requests by Defendant for extensions of time to respond and Plaintiff's delivery of claim charts alleging infringement of the Asserted Patents), on July 28, 2020, Defendant responded, denying infringement. (Id. ¶ 12). On July 29, 2020, Plaintiffs sent Defendant's counsel a draft complaint for infringement of the Asserted Patents, ***as well as a draft non-disclosure agreement ("NDA ") to allow the parties to exchange confidential information***."). Please correct me if I am wrong, but I don't believe there were any prior communications between the parties (and thus no expectations

of confidentiality) prior to Aloft sending its initial demand letter and accompanying claim chart.

So that we can consider your request, we also need to understand the "compelling reasons supported by specific factual findings" to "overcome the strong presumption in favor of public access to court records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also U.S. ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564–65 (E.D. Va. 2007) ("The second ground for resealing—the risk of harm to Supertech's reputation—is easily disposed of given the Fourth Circuit's clear statement that "simply showing that the sealed information would harm a company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records."'). Can you elaborate, for example, on what specific language in the demand letter and claim charts rises to that level and why?

I do not understand your citation to L.R. 2.2, since the Patent Rules were not applicable prior to the filing of Schaefer's complaint. Since the relevant documents (e.g., pre-suit demand letter and claim charts) were exchanged prior to any civil action, they could not have been "produced under these Patent Rules" such they are not governed by Local Patent Rule 2.2. See also P.R. 1.2 (confirming that the Local Patent Rules only apply to civil actions). As written, the language in P.R. 2.2 that you rely on (i.e. "if the Court has not entered a protective order") relates only to period after the civil action is filed but before a protective order is entered (e.g., exchange of Patent Initial Disclosures under P.R. 3.1 absent a protective order). If you believe the Patent Rules should be read more broadly to cover the exchange of pre-suit documents, please provide any support for that position.

I was not able to find any support for your proposition that an opening demand letter is recognized under FRE 408, particularly where the letter was unsolicited, the parties had no previous or existing relationship, there no NDA or confidentiality agreement between them, and thus no reasonable expectation it would be treated as confidential. *See, e.g.*, *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1375 (Fed. Cir. 2007) ("To avoid the risk of a declaratory judgment action, ST could have sought SanDisk's agreement to the terms of a suitable confidentiality agreement. The record before us reflects that the parties did not enter into such an agreement. Rather, ST sought to condition its open licensing discussions and the infringement study on adherence to Federal Rule of Evidence 408. That rule expressly relates to evidence of efforts toward compromising or attempting to compromise a claim in litigation and ***does not prevent SanDisk from relying on the licensing discussions and infringement study to support its claims***."). Additionally, where, as here, the demand letter and claim charts evidence Aloft's bad faith, FRE 408 is inapplicable. See, e.g., Athey v. Farmers Ins. Exchange, 234 F.3d 357 (8th Cir. 2000) (evidence of settlement offer by insurer was properly admitted to prove insurer's bad faith). Have you any support to the contrary?

As I'm sure you are aware, any motion to seal will be governed by LCvR 5.2.1(c), which sets forth several requirements for such a motion. So that our next conversation can be productive, and since you must have already thought through these issues, I would ask that you address the four factors of LCvR 5.2.1(c) in your response. Specifically, for each exhibit you believe should be sealed, it would helpful to know why sealing is necessary, whether some documents can be redacted in part (including those proposed redactions), and whether you seek a permanent or temporary sealing.

As to your burden of defending the confidentiality of each exhibit, most interesting to me is your claim that the claim charts (Exs. 7-11) are either confidential or subject to FRE 408, since, according to your own demand letter, they were "based on publicly accessible information" and merely explain Aloft's position on the merits. *See, e.g., Sleep No. Corp. v. Young*, No. 20CV01507NEBECW, 2022 WL 3045036, at *1 (D. Minn. Aug. 2, 2022) ("Specifically, it appears that the information quoted from the mediation brief in Plaintiffs' Memorandum does not include any offers of settlement but rather explains the parties' positions in the underlying litigation."). Also I reviewed the parties correspondence and it appears that at least one claim chart was sent by Aloft to Schaefer unsolicited, and that the remaining charts contain the same type of information, such that we can discuss their confidentiality together.

Also, the volume of demand letters and claim charts that Aloft sends to targets (including the degree to which they are identical to those at issue here) is highly probative of whether they should be treated as confidential. *See, e.g.*, Ex. 17. Please be prepared to discuss the quantity of demand letters that Aloft has sent and the degree (if any) to which they are different than those in this case. We will likely seek this information as expedited discovery as part of any motion to seal which you may bring.

Additionally, I would note that the timing of your request—including how long it has been since the complaint was filed (well over a month since Britten Sessions acknowledged receipt of the courtesy copy)—cuts against your contention that the demand letter and claim charts are confidential. There is ample case law here too, i.e., that the way in which a party treats its own information speaks to any claim of confidentiality.

We can discuss this issue further after Thursday's settlement conference if time permits.

Best,

Alex

**S. Alex Long**
Attorney at Law

SHUMAKER

101 South Tryon Street, Suite 2200 | Charlotte, North Carolina 28280
Direct 704.945.2911 | Fax 704.332.1197
along@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

**From:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Sent:** Saturday, November 12, 2022 9:12 PM

**To:** Long, Alex <along@shumaker.com>; Doug Grimes <dgrimes@allenchesson.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>; Mariam Clayton <mclayton@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

CAUTION: External Email

Alex,

I haven't received any caselaw or other authority from you. Based on my research, the exhibits should have been filed under seal. Local Rule 5.2.1(a) and Administrative Procedure II(1) require it. The exhibits also include financial account numbers in violation of FRCP 5.2(a)(4). Exhibits 16 and 17 also clearly reflect settlement discussions designated as confidential and subject to FRE 408, and include highly sensitive information concerning licensees. While settlement discussions are not necessarily protected from discovery, that is far different than being publicly available. *See In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012) (no privilege but protective orders preserve confidentiality); *Shook v. Bos. Sci. Corp.*, No. 1:20-00242-MOC-WCM, 2021 U.S. Dist. LEXIS 119243, at *15-16 (W.D.N.C. June 24, 2021) (protective order providing potentially-prejudiced party 14 days to object to public filing); *see also* P.R. 2.2; *Philips N. Am. LLC v. Radon Med. Imaging Corp.-WV*, Civil Action No. 2:21-cv-298, 2022 U.S. Dist. LEXIS 200548, at *4-7 (S.D. W. Va. Nov. 3, 2022); *Celgard, LLC v. Shenzhen Senior Tech. Material Co.*, No. 3:20-00130-GCM, 2021 U.S. Dist. LEXIS 12898, at *2-3 (W.D.N.C. Jan. 25, 2021); *Rothman v. Snyder*, No. 20-3290 PJM, 2020 U.S. Dist. LEXIS 237524, at *11-12 (D. Md. Dec. 17, 2020). Our research is ongoing. We remain willing to consider any authority you believe supports your position, but request you provide it immediately. As you have already carefully considered the issue, that shouldn't be a problem.

I understand you may disagree with the confidentiality designations, but I have not seen any authority authorizing a party in the first instance to publicly file information designated confidential by the other party. That applies even in the absence of a formal protective order. *See* Local Patent Rule 2.2. Please confirm that you will immediately move to seal those exhibits and the complaint (which contains confidential information). We will provide a redacted version of the complaint. We can also negotiate appropriate redacted versions of the exhibits, if necessary, and hopefully resolve any challenges you may have to Aloft's confidentiality designations. We'd prefer not to burden the Court with this dispute. I would also prefer not to begin litigation this way. That said, Schaeffer's filing is highly prejudicial. If we can't reach an agreement shortly, we'll have to seek relief from the Court.

I look forward to your response.

Best regards,
Derek



**DEREK DAHLGREN**

1526 Gilpin Ave, Wilmington, DE 19806
📱 (410) 375-7230
Admitted in DC, VA
Not Admitted in DE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Derek Dahlgren
**Sent:** Friday, November 11, 2022 6:06 PM
**To:** Long, Alex <along@shumaker.com>; Doug Grimes <dgrimes@allenchesson.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>; Mariam Clayton <mclayton@devlinlawfirm.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Alex,

I'm looking into it.  Please send a representative case from the substantial body of caselaw you referenced.

Best regards,
Derek

**From:** Long, Alex <along@shumaker.com>
**Sent:** Friday, November 11, 2022 3:12 PM
**To:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>; Doug Grimes <dgrimes@allenchesson.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Derek, thank you for your email.

Let us proceed with the remote settlement conference on November 17th. Please provide me a list of attendees and email addresses and I'll circulate a Teams invite.

On the issue of the Complaint and exhibits thereto, we have carefully studied these issues and fail to see any basis for asking the Court to seal the documents.

*First*, with respect to alleged confidentiality of the exhibits, I am not aware of any agreements between the parties related to confidentiality. If you are aware of such an agreement which might support the confidential indication on the documents, please advise. There is a substantial body of case law on this point.

*Second*, with respect to Rule 408, as you know, FRE 408 is a rule of evidence which speaks to admissibility, not confidentiality. Further, under FRE 408, the exhibits are unqualified factual assertions and are included with the Complaint to support Schaefer's NC APAA claim.

*Third*, I note that Judge Bell has not entered a protective order in this case.

That said, I'm open to a discussion if you can provide case law and compelling arguments in support of sealing the exhibits.

Best,

Alex


**S. Alex Long**
Attorney at Law

## SHUMAKER

101 South Tryon Street, Suite 2200 | Charlotte, North Carolina 28280
Direct 704.945.2911 | Fax 704.332.1197
along@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

**From:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Sent:** Thursday, November 10, 2022 3:21 PM
**To:** Doug Grimes <dgrimes@allenchesson.com>; Long, Alex <along@shumaker.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

CAUTION: External Email

Unfortunately, I still have a conflict on the 15th. The 17th at 10 am works. And I agree with Doug's

recommendation.  We strongly prefer remote.

Alex,

<mark>Separately, it looks like a number of exhibits to the complaint are confidential and/or marked Rule 408.  We'd like to get those under seal asap.  Here's the list we identified:  Exs. 6-11 and 16-17.</mark>

Please let me know if your side will take care of that and/or if we need to talk.

Best regards,
Derek



**Derek Dahlgren**

1526 Gilpin Ave, Wilmington, DE 19806
☐ (410) 375-7230
Admitted in DC, VA
Not Admitted in DE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Doug Grimes <dgrimes@allenchesson.com>
**Sent:** Thursday, November 10, 2022 9:51 AM
**To:** Long, Alex <along@shumaker.com>; Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Alex,

I can do either the 15th or 17th if one of those dates work for Derek.  Unless Derek disagrees, I suggest we go with the remote option.  And if, based on that initial discussion, the parties believe an in-person meeting or formal mediation would be more productive, we can seek a brief stay in our Certificate of Settlement Conference filing.  That makes sense to me given the tight scheduling window, but I have not discussed with Derek and defer to his views on all of the above.  Thanks much.

Doug Grimes

Allen, Chesson & Grimes PLLC
505 N. Church Street
Charlotte, NC 28202
704-755-6012
dgrimes@allenchesson.com
www.allenchesson.com

---

**From:** Long, Alex <along@shumaker.com>
**Sent:** Thursday, November 10, 2022 9:17 AM
**To:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>;
Sidebottom, Cecilia M. <csidebottom@shumaker.com>; Doug Grimes <dgrimes@allenchesson.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Derek/Doug,

If the 15th opens up, in-person is a possibility for us (remote also works for us on the 15th). However the 17th will need to be remote for us. As to the remote option, I suggest MS Teams as an appropriate platform and can circulate the calendar invite.

As for the 17th, does 10AM work for you?

Thanks,

Alex

**S. Alex Long**
Attorney at Law

SHUMAKER

101 South Tryon Street, Suite 2200 | Charlotte, North Carolina 28280
Direct 704.945.2911 | Fax 704.332.1197
along@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

---

**From:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Sent:** Monday, November 7, 2022 1:43 PM
**To:** Long, Alex <along@shumaker.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>;
Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

CAUTION: External Email

Alex, no word so far.  I'll let you know as soon as I hear anything.

**From:** Long, Alex <along@shumaker.com>
**Sent:** Monday, November 7, 2022 1:26 PM
**To:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Derek, any chance your mediation got pushed? The 15th remains by far the best date for us but we have the 17th penciled in as well.

**S. Alex Long**
Attorney at Law

# SHUMAKER

101 South Tryon Street, Suite 2200 | Charlotte, North Carolina 28280
Direct 704.945.2911 | Fax 704.332.1197
along@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

**From:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Sent:** Tuesday, November 1, 2022 6:48 PM
**To:** Long, Alex <along@shumaker.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

CAUTION: External Email

Alex, for now we'd like to schedule it for the 17th.  I'm tied up with a mediation before that.  It may get pushed back.  If that happens, I'll let you know and we can probably make the 15th work.



**Derek Dahlgren**

1526 Gilpin Ave, Wilmington, DE 19806

☐ (410) 375-7230

Admitted in DC, VA
Not Admitted in DE

*********************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Long, Alex <along@shumaker.com>
**Sent:** Tuesday, November 1, 2022 6:32 PM
**To:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>
**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** RE: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Derek, following up on the Court's required pre-Answer settlement conference. As I relayed in our call, November 15th would work best for us but November 16th or 17th could work also.

Best,

Alex

**S. Alex Long**
Attorney at Law

## SHUMAKER

101 South Tryon Street, Suite 2200 | Charlotte, North Carolina 28280
Direct 704.945.2911 | Fax 704.332.1197
along@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

**From:** Long, Alex <along@shumaker.com>
**Sent:** Friday, October 21, 2022 3:48 PM
**To:** Derek Dahlgren <ddahlgren@devlinlawfirm.com>

**Cc:** BenGera, Tom <tbengera@shumaker.com>; Garber, Lucas D. <lgarber@shumaker.com>; Sidebottom, Cecilia M. <csidebottom@shumaker.com>
**Subject:** Re: Schaeffer Systems Int'l Inc. v. Aloft Media LLC 3:22-cv-513

Hi Derek, I'm unavailable this afternoon. Is there a time Monday that works for you to talk?

Best,

Alex

Sent from my iPhone

> On Oct 21, 2022, at 3:40 PM, Derek Dahlgren <ddahlgren@devlinlawfirm.com> wrote:

CAUTION: External Email

Counsel,

Aloft Media has retained my firm to represent it in the above captioned case. We are in the process of finding local counsel. Would you agree to stipulate to a 45 day extension for Aloft to respond to the complaint? My understanding is that a response is due on October 26. Please let me know as soon as possible if that is acceptable. I am in a deposition today but can break for a few minutes to talk if needed.

Best regards,
Derek



**Derek Dahlgren**
1526 Gilpin Ave, Wilmington, DE 19806
(410) 375-7230
Admitted in DC, VA
Not Admitted in DE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.