**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| SCHAEFER SYSTEMS INTERNATIONAL, INC., | |
| Plaintiff, | Civil Action No.: 3:22-cv-513-KDB-DCK |
| v. | |
| ALOFT MEDIA, LLC; GEORGE STREET PARTNERS; TODD SCHMIDT; and GEORGE ANDREW GORDON | |
| Defendants. | **Jury Trial Demanded** |

**DEFENDANT ALOFT MEDIA, LLC'S OPENING BRIEF IN SUPPOT OF
MOTION TO DISMISS**

DEVLIN LAW FIRM LLC
Derek Dahlgren
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
ddahlgren@devlinlawfirm.com

*Attorney for Aloft Media, LLC*

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................. 2

III.  LEGAL STANDARD ................................................................................... 3

IV.  ARGUMENT ................................................................................................ 5

     A.    The Is No General Jurisdiction and Venue Is Improper ......................... 5

     B.    The Court Has No Specific Jurisdiction Over Aloft ............................... 6

           1.    Plaintiff's Allegations Fail as a Matter of Law ........................... 6

           3.    Aloft's Activities Were Always Pointed at SSI Schaefer .......................... 9

           4.    Aloft's Activities Are Not Significant Enough For Jurisdiction ................ 9

           5.    Without Any Intentional Activity There Can be No Claims .................... 10

           6.    Asserting Personal Jurisdiction Is Not "Reasonable and Fair" ................. 11

V.    CONCLUSION .......................................................................................... 11

# TABLE OF AUTHORITIES

## Cases

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2008) ....................................................................................... 3

*Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174 (1985) .................................................. 4

*Grayson v. Anderson*,
   816 F.3d 262 (4th Cir. 2016) ......................................................................................... 5

*Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*,
   784 F. Supp. 306 (D.S.C. 1992) .................................................................................... 4

*Marion v. Long*,
   72 N.C. App. 585 (1985) ................................................................................................ 3

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*,
   909 F.3d 1134 (Fed. Cir. 2018) ..................................................................................... 3

*Sneha Media & Entm't, LLC v. Assoc. Broad. Co. P*,
   911 F.3d 192 (4th Cir. 2018) ......................................................................................... 5

*Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147 (Fed. Cir. 2021) ............................... 3, 4, 7

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
   848 F.3d 1346 (Fed. Cir. 2017) ..................................................................................... 4

## I.     INTRODUCTION[1]

This Court lacks jurisdiction over Defendant, Aloft Media, LLC ("Aloft").  Aloft is a Texas company.  Its only place of business is in Texas.  It has no employees in North Carolina nor outside of Texas.  It does not travel here for business.  It does not own property here.  It has never granted a resident an exclusive license.  It has never litigated here.  There is simply no jurisdiction nor proper venue.  Plaintiff's attorney argument does not plausibly demonstrate otherwise.

Plaintiff apparently realized how untenable its arguments were in its original complaint.  It added over a hundred pages to its complaint, thousands of pages of exhibits, and named two individuals and Aloft's licensing consultant as defendants. None of that changes the fact that the Court lacks jurisdiction over Aloft and venue is improper. Plaintiff's FAC, like its original complaint, only reinforces this conclusion.

In its FAC, Plaintiff has conceded it does ***not own*** the SSI Schaefer website.  The website was the focus of the parties' discussions.  Aloft knew the servers were in Germany.  It thought it contacted a representative of SSI Schaefer. It was told it was dealing with SSI Schaefer's attorneys. It had no reason to think it was dealing with a USA subsidiary that neither owned nor managed the website at issue.  Plaintiff's admission undermines any argument that Aloft was knowingly communicating with a US subsidiary.

Because Aloft never intentional directed activities towards North Carolina, there can be no claims.  In other words, Plaintiff's claims cannot be based on activity that does not exist.  That is another reason why there is no jurisdiction.  It is also why venue is improper.  Aloft is a Texas

---

[1] Aloft will soon be filing a motion to seal the FAC and certain exhibits based on the same information the Court previously ordered to be sealed. Aloft requested that Plaintiff file under seal, and then again requested it move to seal after the Court's January 9, 2023 Order (DI 41). Plaintiff refused.

1

resident and Plaintiff has not alleged facts sufficient to show that any substantial activity in this District gave rise to its claims. For at least these reasons and those discussed below, the Court should dismiss the Complaint.

## II.     STATEMENT OF FACTS

Aloft is a Texas company formed in July 2007. (Gordon Dec. ¶2.) Its sole place of business is in Longview, Texas. (*Id.*) It has one member manager, Mr. Gordon, located in Frisco, Texas.

On March 4, 2022, Aloft sent a notice letter addressed to Plaintiff's parent company, SSI Schaefer. (DI 18-7., ¶8; Dkt. 1-6; DI 19-1.) Plaintiff's Initial Disclosures confirm this: "Schaefer Systems International, Inc. is owned (100%) by SSI Schäfer Holding International, GmbH. ***SSI Schäfer*** is, in turn, owned (100%) by Fritz Schäfer GmbH & Co KG." (Dkt. 2.)[2] Aloft understood that SSI Schaefer's headquarters are in Germany, and it had a local office in Charlotte, NC. (DI 18-6., ¶5; DI 18-7., ¶8; DI 19-2.) The SSI Schaefer website was also traceable to servers in Germany and publicly available information indicated it was managed there. (Ex.

Brett Belda, a Vice President at SSI Schaefer, was the recipient. (DI 18-6., ¶5; Ex. 2; Dkt. 1-6.) Mr. Belda instructed Aloft to speak with Jeremy Leonard, SSI Schaefer's in-house counsel for all of North America. (DI 18-6., ¶6; Ex. 3.) On May 2, 2022, Mr. Leonard introduced Aloft to Alex Long, and identified him as "outside patent counsel for ***SSI Schafer*** in the US/North American region." (DI 18-6., ¶¶6-7; Ex. 4.) From that point on, all communications were with SSI Schaefer's outside counsel. DI 18-6., ¶8; Ex. 4.)

Aloft and SSI Schaefer's counsel had three calls before Plaintiff filed this action. (Sessions, Dec., ¶10.) During the first call on May 9, Aloft provided an offer for licensing Aloft's portfolio. (Sessions, Dec., ¶8; Dkt. 1-16.) SSI Schaefer's counsel requested that Aloft provide

---

[2] All emphasis in this Brief is added unless indicated otherwise.

any claim charts it had referencing SSI Schaefer.   (Sessions, Dec., ¶8; Dkt. 1-16.)  It also asked Aloft to provide the licensing offer in writing and provide a template of the license agreement. (Sessions, Dec., ¶¶7-8; Dkt. 1-16.)  Aloft provided the requested materials, including proprietary business information, and marked them confidential and subject to Fed. R. Evid. 408. (Sessions, Dec., ¶9; Schmidt Dec., ¶10; Dkt 1-7 to 1-11, 1-16.)  At no time did Aloft threaten litigation or present a draft complaint.

Aloft and SSI Schaefer had additional calls on July 26, 2022 and September 13, 2022. Those discussions were unsuccessful.  Plaintiff filed suit on September 29, 2022 and served the Complaint on October 10, 2022.

## III.    LEGAL STANDARD

Personal jurisdiction is governed by Federal Circuit law because Plaintiff's claims arise under or significantly involve patent law.  *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquires: [1] whether a forum state's long-arm statute permits service of process and [2] whether assertion of personal jurisdiction violates due process." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1153 (Fed. Cir. 2021). Because North Carolina's long-arm statute extends to the outer bounds of due process, jurisdiction depends on whether Defendants had sufficient contacts with North Carolina to satisfy constitutional due process. *Marion v. Long*, 72 N.C. App. 585, 586 (1985).  "Due process requires that a defendant have sufficient 'minimum contacts' with the forum state such that the suit not offend 'traditional notions of fair play and substantial justice.'" *Maxchief*, 909 F.3d at 1137.

"For a court to exercise general personal jurisdiction over a defendant, the plaintiff must show that the defendant's contacts with the forum state are so continuous and systematic that it is essentially at home in the forum state." *i play, inc. v. Aden & Anais, Inc.*, 186 F. Supp. 3d 518, 522

3

n.3 (W.D.N.C. 2016). "To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (citations omitted). "A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts relate in some material way to the enforcement or the defense of the patent." *Maxchief.*, 909 F.3d at 1138.

Determining where a party's actions are directed does not mean literally directed to a particular forum. *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed. Cir. 2001). Directing activity at a party's attorney even if physically in another forum is still activity directed to the party. *Maxchief.*, 909 F.3d 1139. For corporations, the location of an action in assessing personal jurisdiction is whether activity was directed to the company where it is headquartered, not whether activity was directed against an entity that happens to have a particular situs of incorporation nor where an actor's counsel might happen to be located. *Id.*; *Trimble Inc.*, 997 F.3d at 1152 fn. 2 (noting that the Federal Circuit consistently holds that "for personal jurisdiction purposes, a letter sent to a company's counsel is directed to the company *at its headquarters*, not the location of counsel." (emphasis added)).

Apart from purposeful availment, the exercise of personal jurisdiction must also comport with "fair play and substantial justice." *Trimble*, 997 F.3d at 1153 (citations omitted). The Supreme Court identified five considerations (known as the *Burger King* factors) which are relevant to the "fair play and substantial justice" inquiry:

> [1] "the burden on the defendant," [2] "the forum State's interest in adjudicating the dispute," [3] "the plaintiff's interest in obtaining convenient and effective relief," [4] "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and [5] the "shared interest of the several States in furthering fundamental substantive social policies."

*Id*. (citing *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174 (1985)).

4

Plaintiff must set forth specific facts in the record to defeat a motion to dismiss. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992); *cf. Doe v. Lees-Mcrae Coll.*, No. 1:20-cv-105 MR WCM, 2021 U.S. Dist. LEXIS 54660, at *8 (W.D.N.C. Feb. 4, 2021). The Court may consider pleadings, affidavits and other evidentiary materials. *Id.* If the record is sufficiently developed, the Court may require Plaintiff to prove jurisdiction by a preponderance of the evidence. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). ("an 'evidentiary hearing' requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments. Once the court has provided that opportunity, it must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence . . . ."); *Sneha Media & Entm't, LLC v. Assoc. Broad. Co. P*, 911 F.3d 192, 197 n.* (4th Cir. 2018). Otherwise, factual disputes and reasonable inferences must be made in favor of the plaintiff. *Hayward Indus. v. Ningbo C.F. Elec. Tech Co., Ltd.*, No. 3:20-cv-00710-FDW-DSC, 2021 U.S. Dist. LEXIS 101030, at *7 (W.D.N.C. May 27, 2021).

## IV. ARGUMENT

### A. The Is No General Jurisdiction and Venue Is Improper

Aloft has no connections with North Carolina. It is a Texas company with a sole place of business in Texas. (DI 18-7., ¶2.) It has one member manager that resides in Frisco, Texas. (Gordon Dec., ¶¶2-3.) It does not have any employees outside of Texas or that travel to North Carolina for business. (DI 18-7., ¶4.) Aloft does not own real property in North Carolina. (DI 18-7., ¶5.) It has never litigated in North Carolina. (DI 18-7., ¶6.) It has never granted an exclusive license to a resident of North Carolina. (DI 18-7., ¶7.) Its representatives did not travel to North Carolina for settlement discussions. (DI 18-5., ¶10; DI 18-6, ¶¶3, 9.) . Without any activities in the forum, there is nothing to base a claim on.

5

Plaintiff makes a baseless argument for general jurisdiction based on Aloft's confidential list of licensees, which it filed *again*, and claims is evidence of   North Carolina. (DI 29-17.)  It identifies around 100 companies that "are registered in and/or have a headquarters or significant presence in North Carolina."  Aloft's review showed one company incorporated in North Carolina and three foreign companies with headquarters in the state.  Aloft did not travel to North Carolina or have anything close the systematic and continuous contact with the state to warrant general jurisdiction.  Plaintiff's significant distortion of Exhibit 17 to manufacture purported connections is improper and unavailing.

### B.      The Court Has No Specific Jurisdiction Over Aloft

#### 1.      Plaintiff's Allegations Fail as a Matter of Law

Plaintiff's allegations necessarily fail as a matter of law.  Aloft was expressly told that the outside counsel it was instructed to work with were attorneys for SSI Schaefer.  (DI 18-2.)  Other than the initial notice letter, Plaintiff references communications that occurred *after* Aloft began speaking with SSI Schaefer's outside counsel. (*Compare* Dkt.1, ¶ 135 and DI 18-2.).   The communications identified are indisputably with SSI Schaefer's attorneys. SSI Schaefer's headquarters are in Germany.  Courts have made clear that a letter sent to a company's counsel is deemed to be directed to the company at its headquarters, not the location where counsel happens to be present.  *Maxchief.*, 909 F.3d at 1139.  Therefore, as a matter of law, the alleged communications were directed to Germany.

#### 2.      Plaintiff's Mischaracterization of the Facts Fail Either Way

Plaintiff asserts with any basis that Aloft knew it was dealing with a North Carolina company.  (DI 28, ¶¶515-525.)  The conclusory attorney argument fails.  Plaintiff's own FAC demonstrates the futility of Plaintff's argument.  It now concedes that it does ***not own*** the website. The fact that Plaintiff did not even know whether it owned the website when it filed its original

complaint refutes any argument it tries to make about Aloft's confusion over who owned the website. Regardless, all facts always pointed to Germany. (Dahlgren Decl., Ex. 1.). Aloft knew the servers were in Germany. That is readily ascertainable. (*Id.*) The website also lists German contacts as "management."

**Site Information**

Schaefer Systems International, Inc.

10021 Westlake Drive
Charlotte, NC 28273
USA
Phone   +1 704-944-4500
Fax       +1 704-588-1862
info.usa@ssi-schaefer.com
ssi-schaefer.com

Management: Steffen Bersch, Bruno Krauss, Manfred Muckenhumer
Email Editorial: webmaster@ssi-schaefer.de

Siegen District Court: Trade register no. HRA 4904
VAT registration number: DE 126576151

(https://www.ssi-schaefer.com/en-us/ssi-schaefer-site-information-1073390.)  Notably, the FAC only reproduces part of the above graphic by cropping out the German management.

**SSI SCHÄFER**

Schaefer Systems International, Inc.
10021 Westlake Drive
Charlotte, NC 28273

Phone: 704-944-4500
Email: info.usa@ssi-schaefer.com

**SITE INFORMATION**

Schaefer Systems International, Inc.
10021 Westlake Drive
Charlotte, NC 28273
USA
Phone   +1 704-944-4500
Fax       +1 704-588-1862
info.usa@ssi-schaefer.com
ssi-schaefer.com

7

That is why it identified an individual it believed to be associated with SSI Schaefer. (DI 19-2 (listing US local address and German *headquarters* address).) Aloft addressed its notice letter to SSI Schaefer and not its US subsidiary. (DI 1-6.)

The FAC blatantly misstates that SSI Schaefer is affiliated with Plaintiff. (DI 28, ¶512; Dahlgren Decl., Ex. 2.) There are around 70 "Schaefer Group" subsidiaries including Plaintiff.. (Dahlgren Decl., Ex. 2.) SSI Schaefer is not a reference to Plaintiff. (*Id.*) Exhibit 2 references SSI Schaefer repeatedly and never once is it with respect to Plaintiff. (*Id.*) Regarding the letter from Mr. Leonard, it has the logo that Plaintiff associates with SSI Schaefer. (DI 40-13; *compare* DI 28, ¶515 (cropping out German logo).) Mr. Leonard is also "Lead Counsel for all of North America. SSI Schaefer has subsidiaries in Canada and Mexico. It is natural to consider that Mr. Leonard worked for the parent, SSI Schaefer, rather than a subsidiary limited to the United States. (*Id.*) Aloft also knew the website was operated from servers in Germany. (Ex. 1)

The FAC misleadingly reproduces certain images that fail to give the full picture. For example, it provides the following at paragraph 513 (with a link that did not work).

Plaintiff omitted the following which appears seemingly uniformly on the website under the right graphic, *e.g.*, https://www.ssi-schaefer.com/en-us/ssi-schaefer-site-information-1073390.

8

Management: Steffen Bersch, Bruno Krauss, Manfred Muckenhumer
Email Editorial: webmaster@ssi-schaefer.de

Siegen District Court: Trade register no. HRA 4904
VAT registration number: DE 126576151

It clearly identifies *German* contacts. Plaintiff tries to argue the presence or lack of an "e" in SSI Schaefer is significant. But a cursory review of Plaintiff's corporate family's website shows otherwise. (*cf.* https://www.ssi-schaefer.com/en-de/ German Parent and https://www.ssi-schaefer.com/en-us/ - US entity site, which is hosted in Germany, and owned by German Parent.) Plaintiff also alleges that much of the SSI Schaefer corporate structure is not known. Not so. (Ex. 2.)

### 3. Aloft's Activities Were Always Pointed at SSI Schaefer

Aloft was focused Plaintiff's parent, SSI Schaefer. The evidence shows nothing else. (Dkt 1-6 through 1-11; Ex. 2; Ex. 7; DI 18-6., ¶8; DI 18-7, ¶¶8-9.) Aloft addressed its notice letter to SSI Schaefer. (Dkt. 1-6; Ex. 2.) All of its claim charts refer to SSI Schaefer. (Dkt 1-6 through 1-11.) None of Aloft's activities can be considered purposefully directed at Plaintiff in North Carolina. They were expressly directed to SSI Schaefer. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346 (Fed. Cir. 2017); *Trimble Inc.*, 997 F.3d at 1152 fn. 2. Aloft's proposed license named SSI Schaefer and included subsidiaries. (Dkt. 1-16.) SSI Schaefer has subsidiaries. (Dkt. 1-16.) Plaintiff's Complaint completely ignores that fundamental defect.

### 4. Aloft's Activities Are Not Significant Enough For Jurisdiction

There is no jurisdiction regardless of whether Aloft's few communications were with Plaintiff or SSI Schaefer. Other than Aloft's notice letter, Plaintiff alleges its counsel (identified as SSI Schaefer's outside counsel at the time) and Aloft spoke twice—on May 9 and September

9

13—between its receipt of Aloft's March 4 notice letter and Plaintiff filing suit. Plaintiff references receiving claim charts on May 9, but it *asked* for those charts during the call. (*Compare* Dkt. 1, ¶ 138 and DI 18-3; DI 18-5., ¶¶7-8.)

Plaintiff does not allege other activities that the Federal Circuit has found may warrant jurisdiction. It does not allege that Aloft traveled to North Carolina for discussions, licensed local businesses, sent a draft complaint, ever litigated in this state, threatened it with claims of willfulness, or threatened multiple businesses. The Federal Circuit has routinely found behavior like Aloft's to fall far short of triggering jurisdiction. *Trimble*, 997 F.3d at 1153-54 (comparing three letters sent in *Redwing* to over twenty).

Plaintiff may have recognized how strained its claim of jurisdiction is considering the minimal contacts. It identifies ten instances where it was contacted by Aloft, claiming it was "a directed and over effort to exhaust Schaefer . . . ." (Dkt. 1, ¶ 135.) It fails to mention that at least five of those "contacts" were merely coordinating phone calls. It also does not account for the "contacts: it requested from Aloft, e.g., the three emails on May 9. (DI 18-3; DI 18-5, ¶¶7-8.)

### 5. Without Any Intentional Activity There Can be No Claims

Jurisdiction is also lacking because Plaintiff cannot have claims arising from Aloft's intentional activities in North Carolina when there are none. In other words, Plaintiff's claims cannot be based on activity that does not exist. *Blue Rhino Glob. Sourcing, Inc. v. Sanxin Int'l, Ltd.*, No. 1:16CV581, 2017 U.S. Dist. LEXIS 132253, at *15-16 (M.D.N.C. Aug. 18, 2017). That is another reason why there is no jurisdiction. It is also why venue is improper. Aloft is a Texas resident and Plaintiff has not alleged facts sufficient to show that any substantial activity in this District gave rise to its claims.

### 6. Asserting Personal Jurisdiction Is Not "Reasonable and Fair"

The exercise of personal jurisdiction must also comport with "fair play and substantial justice." *Trimble*, 997 F.3d at 1153 (citations omitted). While not a traditional factor, substantial justice weighs heavily against jurisdiction. Aloft engaged in reasonable, good faith settlement discussions. Nor should Plaintiff benefit from misstating SSI Schaefer's involvement in those discussions. Plaintiff requested additional charts apparently to draw Aloft into the Court's jurisdiction. The Supreme Court has repeatedly stated another party cannot unilaterally control jurisdiction over a defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S. Ct. 559, 567 (1980). Exercising jurisdiction would be fundamentally unfair..

## V. CONCLUSION

Based on the foregoing, Aloft respectfully asks this Court to grant its Motion to Dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and improper venue under Federal Rule of Civil Procedure 12(b)(3).

Dated: January 20, 2023        Respectfully submitted,

By: */s/Derek Dahlgren*

Derek Dahlgren (*pro hac vice*)
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
ddahlgren@devlinlawfirm.com

*Attorneys for Aloft Media, LLC*

11

# CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023 I caused the foregoing to be electronically served with all counsel of record via electronic mail.

/s/ Derek Dahlgren
Derek Dahlgren