IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-513-KDB-DCK

| | | |
|---|---|---|
| SCHAEFER SYSTEMS INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| ALOFT MEDIA, LLC, GEORGE STREET PARTNERS, TODD SCHMIDT, GEORGE ANDREW GORDON, | ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Aloft Media, LLC's Motion To Seal Filings Of Plaintiff" (Document No. 46) filed January 26, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion in part and deny the motion in part.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a

previously entered Rule 26(e) protective order.

**(c)** ***Motion to Seal or Otherwise Restrict Public Access***.  A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1.  Such motion must be filed electronically under the designation "Motion to Seal."  The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing;  and
> **(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

By the instant motion, Defendant Aloft Media, LLC ("Defendant" or "Aloft") seeks the sealing of Plaintiff's "First Amended Declaratory Judgment Complaint" (Document Nos. 28 and 42-1) (the "Amended Complaint");  as well as Exhibits 7-11, 16, and 17 (Document Nos. 29-7 – 29-11, 29-16 and 29-17).[1]  (Document No. 46, p. 1).  Defendant contends that these documents "contain discussion of confidential information, proprietary business information, and confidential settlement discussions."  Id.  Defendant has proposed redacted versions of the documents it seeks to seal.  See Document Nos. 46-3 – 46-12).  Plaintiff opposes the motion to seal, but no other party or non-party has filed any opposition.  (Document No. 47);  see also LCvR 6.1(e).

First, Defendant seeks to seal part of paragraph 534 of the Amended Complaint that it asserts "contains a licensing offer that Aloft provided during the course of settlement discussions."

---

[1] Defendant has subsequently withdrawn a request to seal Document No. 29-6.  (Document No. 51, p. 6, n.1).

(Document No. 46-1, p. 8) (citing Document No. 28, ¶ 534).  Defendant also seeks to seal the same paragraph in the attached Exhibit 16 (Document No. 29-16), as well as "a non-public list of licensees" included as Exhibit 17 (Document No. 29-17).  Id.  Defendant argues that the "list includes confidential third party information and that the foregoing information was provided to Plaintiff with notice that it was confidential and not to be disclosed.  Id.

In addition, Defendant seeks to seal what it refers to as "confidential claim charts." (Document No. 46-1, p. 9) (citing Document Nos. 29-7 – 29-11).  Defendant states that the "charts identify particular patent claims and Aloft's analysis of the SSI Schaefer website prepared and provided for purposes of settlement discussions."  Id.  Defendant's proposed "redactions" block *all* the information in these alleged "confidential claim charts."  See (Document Nos. 46-4 – 46-8).

In opposition, Plaintiff asserts, *inter alia*, that Defendant's request:  is untimely;  relates to documents that were unsolicited by Plaintiff and not subject to any agreement or protective order;  misplaces its reliance on Fed.R.Evid. 408 for support;  and lacks good cause.  (Document No. 47).

Plaintiff goes on to argue that Defendant

> greatly overstates any potential harm since the vast majority of the disputed materials would be of little to no value to third parties . . . Specifically, the majority of the disputed materials are claim charts, seventeen in total, charting Aloft's (publicly available) patent claims against Schaefer's (publicly available) website.

(Document No. 47, p. 14).

Having considered the parties' arguments and authority, including the factors provided in LCvR 6.1(c), the Court will grant the motion to seal with modification.  The undersigned agrees that the Amended Complaint (Document Nos. 28 and 42-1), Exhibit 16 (Document No. 29-16), and Exhibit 17 (Document No. 29-17), should be sealed;  and that there should be publicly

available redacted versions of those documents as set forth in Document Nos. 46-9, 46-10, and 46-11. However, the undersigned is *not* persuaded that Exhibits 7-11 (Document Nos. 29-7, 29-8, 29-9, 29-10, and 29-11 should be sealed.

**IT IS, THEREFORE, ORDERED** that "Defendant Aloft Media, LLC's Motion To Seal Filings Of Plaintiff" (Document No. 46) is **GRANTED in part** and **DENIED in part**. Document Nos. 28, 29-16, and 29-17, and 42-1 shall be **SEALED** and remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall file a revised version of the Amended Complaint (redacting ¶ 534 as directed above), with redacted versions of Exhibits 16 and 17, as proposed by Defendant, and unsealed/unredacted versions of Exhibits 6, 7, 8, 9, 10, and 11.

**SO ORDERED**.

Signed: July 6, 2023

David C. Keesler
United States Magistrate Judge