**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

SCHAEFER SYSTEMS
INTERNATIONAL, INC.,

        Plaintiff,

    v.

ALOFT MEDIA, LLC; GEORGE STREET
PARTNERS; TODD SCHMIDT; and GEORGE
ANDREW GORDON,

        Defendants.

C.A. No. 3:22-cv-513

**JURY TRIAL DEMANDED**

---

**DEFENDANTS ALOFT MEDIA, LLC AND GEORGE ANDREW GORDON'S
ANSWER, AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED DECLARATORY JUDGMENT COMPLAINT**

      Defendants Aloft Media, LLC and George Andrew Gordan ("Defendants") hereby provide

Defendants' Answer, Affirmative Defenses to Plaintiff's First Amended Declaratory Judgment

Complaint (the "Complaint" or "FAC") as follows:[1]

**NATURE OF THE ACTION**[2]

    1.     Denied.

    2.     Denied.

    3.     Denied.

    4.     Denied.

---

[1] By submitting this pleading, Defendants do not waive any arguments or objections presented in
their motions to dismiss and maintain they are not subject to personal jurisdiction and venue is
improper.
[2] At times, Defendants reference the headings from Plaintiff's First Amended Complaint
("FAC"). In doing so, Defendants do not admit to any of the allegations contained in those
headings. In addition, Defendants' responses to Plaintiff's allegations correspond to the
numbered paragraphs in the FAC

5.     This paragraph contains no factual allegations.  Defendants deny that Plaintiff is entitled to any relief.

## THE PARTIES

6.     Admitted on information and belief.

7.     Defendants are without sufficient information to admit or deny, therefore denied.

8.     Defendants are without sufficient information to admit or deny, therefore denied.

9.     Defendants are without sufficient information to admit or deny, therefore denied.

10.    Denied.

11.    Admitted.

12.    Admitted.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    To the extent this paragraph contains allegations directed at Defendants, denied.

18.    To the extent this paragraph contains allegations directed at Defendants, denied.

19.    To the extent this paragraph contains allegations directed at Defendants, denied.

20.    Defendant Aloft admits it retained Defendant George Street Partners to act as a licensing representative.  The remaining allegations of this paragraph do not appear directed to Defendants and therefore are denied.  .

21.    To the extent this paragraph contains allegations directed at Defendants, denied.

22.    To the extent this paragraph contains allegations directed at Defendants, denied.

23.    Denied.

2

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Denied.

28.     Denied.

29.      Defendants are without sufficient information to admit or deny, therefore denied.

30.     To the extent this paragraph contains allegations directed at Defendants, denied.

31.     Defendant Aloft admits previously being involved in patent litigation in the United States Court for the Eastern District of Texas with the identified third parties, otherwise denied.

## JURISDICTION AND VENUE

32.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff alleges this Court has subject matter jurisdiction under the referenced statutes and otherwise deny.

33.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff alleges this Court has subject matter jurisdiction under the referenced statutes and otherwise deny.

34.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff alleges this Court has subject matter jurisdiction under the referenced statutes and, on information and belief, admits Plaintiff and Defendants are diverse parties.  Defendants lack sufficient knowledge to form a belief regarding any remaining allegations, therefore denied.

35.     This paragraph contains legal conclusions to which no response is required.  To

the extent that a response is required, Defendants admit that Plaintiff alleges this Court has supplemental jurisdiction under the referenced statutes and otherwise deny.

36. This paragraph contains legal conclusions to which no response is required. To the extent this paragraph contains any allegations against Defendants, denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Defendant George Street Partners ("GSP") is identified in the March 4, 2022 letter as Defendant Aloft Media's "authorized licensing agent" but otherwise the paragraph is denied.

42. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Defendant Schmidt is identified in the March 4, 2022 letter but otherwise the paragraph is denied.

43. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Defendant Gordon's signature appears on the March 4, 2022 letter but otherwise the paragraph is denied.

44. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the March 4, 2022 letter was addressed to a North Carolina address but otherwise the paragraph is denied.

45. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, denied.

46.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

47.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

48.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants denied.

49.     Denied.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

50.     Defendants admit that Gal Arav was CEO of InstantBull, Inc. and had a website at www.instantbull.com.  Defendants lack sufficient knowledge admit or deny the remainder of the paragraph, therefore denied.

51.     Defendants are without sufficient information to admit or deny, therefore denied..

52.     Defendants are without sufficient information to admit or deny, therefore denied..

53.     Defendants admit that Schaefer has made the allegation.  Otherwise, Defendants are without sufficient information to admit or deny, therefore denied..

54.     Defendants admit that Schaefer has made the allegation.  Otherwise, Defendants are without sufficient information to admit or deny, therefore denied.

55.     Defendants admit Instantbull filed at least two provisional patent applications and one non-provisional patent application.  Defendants lack sufficient knowledge and information to form a reasonable belief regarding the truth of the remaining allegations and they are denied on this basis.

56.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, denied.

5

57.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, denied.

58.     Defendants admit that on November 11, 2008, Gal Arav in his capacity as CEO of Instantbull assigned the rights to US Patent Application Number 11/384,957 to Stragent Technologies, LLC, otherwise denied.d).

59.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

60.     Denied.

61.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

### *Subject Matter of the Accused Patents*

62.     Defendants admit the Accused Patents are related but otherwise, denied.

63.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, denied..

64.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, denied.

65.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

66.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

67.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny.

### *Relevant Prosecution History of the Accused Patents and Their Patent Family*

6

68.     Defendants admit the application numbers comprise family members of the Accused Patents.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, denied.

69.     Defendants admit non-provisional applications in the Patent Family were filed pursuant to 35 U.S.C. § 111.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, denied.

70.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny, except it is admitted that certain non-provisional applications in the Patent Family were filed pursuant to 35 U.S.C. § 120.

71.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit "co-pending" is a term used in patent law, otherwise denied., otherwise denied.

72.      This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit certain non-provisional applications in the Patent Family were filed pursuant to 35 U.S.C. § 120, otherwise denied.

73.     This paragraph contains legal conclusions that do not appear directed to Defendants and to which no response is required.

74.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that none of the Accused Patents were filed as CIPs, otherwise denied.

75.     This paragraph contains legal conclusions to which no response is required.

76.     This paragraph contains legal conclusions to which no response is required.

77.     This paragraph contains legal conclusions to which no response is required.  .

7

78. This paragraph contains legal conclusions to which no response is required. s.

79. This paragraph contains legal conclusions to which no response is required.

80. This paragraph contains legal conclusions to which no response is required. .

81. This paragraph contains legal conclusions to which no response is required.

82. This paragraph contains legal conclusions to which no response is required.

83. Denied, except it is admitted that Plaintiff has made the allegation.

### The '140 Provisional Application

84. Admitted that Exhibit 18 purports to be a copy of the '140 Provisional Application that was filed on March 20, 2006, titled "Hyperlink with graphical cue", and listed Gal Arav as the inventor; otherwise denied.

85. Denied, except it is admitted that Exhibit 64 purports to be a record for the '140 Provisional Application identifying InstantBull, Inc..

86. Denied.

87. Defendants admit the Exhibit 18 purporting to be the 140 Provisional Application includes text reproduced in Paragraph 87.

88. This paragraph contains legal conclusions to which no response is required. To the extent one is, Defendants admit Plaintiff claims the '140 Provisional Application "does not include the serial number or application number of any other patent application," otherwise denied.

89. This paragraph contains legal conclusions to which no response is required. To the extent one is, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

90. Denied.

8

91.     Denied, except admitted that the '140 and '141 provisional applications share the same filing date as the '957 Application and are "incorporated by reference" in the '957 Application.

92.     Denied.

93.     Admitted on information and belief

94.     This paragraph contains legal conclusions to which no response is required.  To the extent one is, denied.

### *The '141 Provisional Application*

95.     Denied, except it is admitted that Exhibit 19 purports to be a copy of the '141 Provisional Application filed on March 20, 2006, titled "Instantaneous symbol lookup", and listing Gal Arav as inventor.

96.     Denied, except it is admitted that Exhibit 65 purports to be a record for the '141 Provisional Application identifying InstantBull, Inc..

97.     Denied.

98.     Defendants admit the Exhibit 19 purporting to be the 141 Provisional Application includes text reproduced in Paragraph 98.

99.     This paragraph contains legal conclusions to which no response is required.  To the extent one is, Defendants admit Plaintiff claims the '141 Provisional Application "does not include the serial number or application number of any other patent application," otherwise denied.

100.    This paragraph contains legal conclusions to which no response is required.  To the extent one is, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them..

9

101.    Denied.

102.    Denied, except admitted that the '140 and '141 provisional applications share the same filing date as the '957 Application and are "incorporated by reference" in the '957 Application.

103.    Denied.

104.    Admitted on information and belief.

105.    This paragraph contains legal conclusions to which no response is required.  To the extent one is, denied.

### The '957 Application

106.    Denied, except it is admitted that the exhibit purports to be a copy of the '957 Application filed on March 20, 2006 and titled "Message Board Aggregator."

107.    Admitted that the exhibit purported to be the '957 Application filed on March 20, 2006 and includes the text reproduced in Paragraph 107.  The remainder of the paragraph is denied.

108.    This paragraph contains legal conclusions to which no response is required.  To the extent one is, Defendants admit Plaintiff claims the '957 Application "does not include the serial number or application number of any other patent application," otherwise denied..

109.    This paragraph contains legal conclusions to which no response is required.  To the extent one is, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph and on that basis denies them.

110.    Admitted that a request for early publication was filed with the '957 Application and it published on 7/13/2006. Except as expressly admitted, all remaining allegations of this Paragraph are denied.

10

111.    Denied.

112.    Admitted that the Applicant filed additional correspondence with the USPTO during prosecution of the '957 Application. All other allegations are denied.

113.    Denied.

114.    Admitted that the Applicant filed additional correspondence with the USPTO during prosecution of the '957 Application. All other allegations are denied.

115.    Admitted that the Applicant filed additional correspondence with the USPTO during prosecution of the '957 Application. All other allegations are denied.

116.    Denied.

117.    Admitted that the Applicant filed additional correspondence with the USPTO during prosecution of the '957 Application.  All remaining allegations are denied.

118.    Defendants admit there was additional correspondence with the USPTO during prosecution of the '957 Application. Defendants deny the remainder of the paragraph.

119.    Denied.

120.    Defendants admit the '795 Patent is expired but deny the remainder of the paragraph.

121.    Defendants admit that there were no reexaminations or reissues of the '795 Patent filed by the Patent Owner.  Defendants deny the remainder of the paragraph.

122.    Denied, except it is admitted that assignments were recorded with the USPTO.

123.    Denied.

124.    Denied.

125.    Denied, except it is admitted that assignments were recorded with the USPTO.

126.    Denied.

11

127.    Denied.

*PCT Application Number PCT/US07/06902*

128.    Defendants admit that Instantbull, Inc. filed a PCT Application. Defendants deny the remainder of the paragraph.

129.    Defendants admit that Instantbull, Inc. filed a PCT Application. Defendants deny the remainder of the paragraph.

130.    Defendants admit that Instantbull, Inc. filed a PCT Application.  Defendants deny the remainder of the paragraph.

131.    Defendants admit that Instantbull, Inc. filed a PCT Application.  Defendants deny the remainder of the paragraph.

132.    Defendants admit that Instantbull, Inc. filed a PCT Application. Defendants deny the remainder of the paragraph.

*Non-Provisional Continuation Applications Filed December 12, 2008*

133.    Denied, except it is admitted five non-provisional continuation patent applications were filed claiming priority to at least the '957 Application.

*The '068 Application*

134.    Denied, except admitted that the '068 Application was filed as a continuation on December 12, 2008 and is titled "Hyperlink with Graphical Cue."

135.    Denied, except admitted that the '068 Application had a Declaration filed prior to issuance.

136.    Denied, except admitted that there is no Declaration included in either the '140 or '141 Provisional Application file wrappers with the USPTO.

137.    Denied.

12

138.    Denied.

139.    Admitted that the '068 Application Specification includes a section entitled "Related Applications". Defendants deny the remainder of the paragraph.

140.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

141.    Denied.

142.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

143.    Denied.

144.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

145.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

146.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

147.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

148.    Denied, except it is admitted that the '068 Application incorporates by reference both the '140 and '141 Provisional Applications.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

13

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied, except it is admitted that the '068 Application was filed and examined by the USPTO.

160.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

161.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application.  Defendants deny the remainder of the paragraph.

162.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

163.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

164.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application.  Defendants deny the remainder of the paragraph.

165.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application.  Defendants deny the remainder of the paragraph.

166.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

167.    Admitted that correspondence was filed with and received from the USPTO

during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

168.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

169.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

170.    Denied.

171.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

172.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

173.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application.  Defendants deny the remainder of the paragraph.

174.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application.

175.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application.  Defendants deny the remainder of the paragraph.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Admitted that Applicant via its attorney Patrick Caldwell filed a statement that the substitute specification contains no new matter, but otherwise denied.

180.    Admitted.

181.    Admitted .

15

182.    Denied.

183.    Denied.

184.    Denied.

185.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

186.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

187.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

188.    Admitted that a terminal disclaimer was filed on February 8, 2012. Defendants deny the remainder of the paragraph.

189.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

190.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

191.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

192.    Admitted that a terminal disclaimer was filed on July 24, 2012.  Defendants deny the remainder of the paragraph.

193.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

194.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

16

195. Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

196. Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

197. Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

198. Denied.

199. Denied, except admitted that assignments related to the '068 Application were properly executed.

200. Denied, except admitted that Christopher Edgeworth, Andrew Gordon and Kevin Zilka are registered patent attorneys and Andrew Gordon is a member of Aloft.

### The '002 Application a/k/a The '823 Patent

201. Denied, except admitted that the '002 Application was filed as a continuation of the '068 Application.

202. Admitted.

203. Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

204. Denied.

205. Defendants admit that the '002 Application was never co-pending with either the '140 or '141 provisional applications. Defendants admit that the '140 and '141 provisional applications share the same filing date as the '957 Application. Defendants deny the remainder of the paragraph.

206. Denied.

17

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

213.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

214.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

215.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

216.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

217.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

218.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application. Defendants deny the remainder of the paragraph.

219.    Admitted.

220.    Admitted.

221.    Admitted.

222.    Admitted.

18

223.    Denied.

224.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

225.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

226.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

227.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

228.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

229.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

230.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

231.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

232.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

233.    Denied.

234.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

235.    Admitted that correspondence was filed with and received from the USPTO

during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied, except admitted that assignments related to the '002 Application were properly executed.

240.    Denied, except admitted that Christopher Edgeworth, Andrew Gordon and Kevin Zilka are registered patent attorneys and Andrew Gordon is a member of Aloft.

### The '939 Application a/k/a The '623 Patent

241.    Denied, except admitted that the '939 Application was filed as a continuation of the '002 Application.

242.    Denied, except admitted that the '939 Application was filed as a continuation of the '002 Application.

243.    Denied, except it is admitted that the ADS was signed by Patrick Caldwell.

244.    Denied.

245.    Denied, except admitted that the '939 Application was never co-pending with either the '140 or '141 provisional applications and that the '140 and '141 provisional applications share the same filing date as the '957 Application.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251. Denied.

252. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

253. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

254. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

255. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

256. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

257. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

258. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

259. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

260. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'939 Application. Defendants deny the remainder of the paragraph.

261. Denied, except admitted that assignments to the '939 Application were properly executed.

262. Denied.

*US Patent Application No. 16/056,491*

21

263.    Admitted that continuations of the '002 Application were filed while that application was pending.  Defendants deny the remainder of the paragraph.

264.    Denied.

265.    Denied.

### The '487 Application

266.    Denied, except admitted that the '487 Application was filed as a continuation of the '002 Application.

267.    Denied, except admitted that the '487 Application was filed as a continuation of the '002 Application.

268.    Admitted.

269.    Denied.

270.    Denied, except admitted that the '487 Application was never co-pending with either the '140 or '141 provisional applications and that the '140 and '141 provisional applications share the same filing date as the '957 Application.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '068 Application.  Defendants deny the remainder of the paragraph.

278.    Admitted that correspondence was filed with and received from the USPTO

during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

279. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application.   Defendants deny the remainder of the paragraph.

280. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application.  Defendants deny the remainder of the paragraph.

281. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

282. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application.  Defendants deny the remainder of the paragraph.

283. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

284. Admitted that correspondence was filed with and received from the USPTO during prosecution of the'068 Application. Defendants deny the remainder of the paragraph.

285. Denied.

286. Admitted.

### The '044 Application a/k/a The '793 Patent

287. Denied, except admitted that the '044 Application was filed as a continuation of the '487 Application.

288. Denied, except admitted that the '044 Application was filed as a continuation of the '487 Application.

289. Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

290. Denied.

23

291.    Denied, except admitted that the '044 Application was never co-pending with either the '140 or '141 provisional applications and that the '140 and '141 provisional applications share the same filing date as the '957 Application.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

299.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

300.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

301.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

302.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

303.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the' 044 Application. Defendants deny the remainder of the paragraph.

304.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

305.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

306.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

307.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

308.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

309.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '044 Application. Defendants deny the remainder of the paragraph.

310.    Denied.

311.    Admitted.

### The '451 Application a/k/a The '164 Patent

312.    Denied, except admitted that the '451 Application was filed as a continuation of the '044 Application.

313.    Denied, except admitted that the '451 Application was filed as a continuation of the '044 Application.

314.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application.  Defendants deny the remainder of the paragraph.

315.    Denied.

316.    Denied, except admitted that the '451 Application was never co-pending with either the '140 or '141 provisional applications and that the '140 and '141 provisional applications share the same filing date as the '957 Application.

25

317.    Denied.

318.    Denied.

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

324.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

325.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

326.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph..

327.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

328.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

329.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

330.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

331.    Admitted that correspondence was filed with and received from the USPTO

during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

332.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '451 Application. Defendants deny the remainder of the paragraph.

333.    Denied.

334.    Admitted.

### The '158 Application a/k/a The '260 Patent

335.    Denied, except admitted that the '158 Application was filed as a continuation of the '487 Application.

336.    Denied, except admitted that the '158 Application was filed as a continuation of the '487 Application.

337.    Admitted that correspondence was filed with and received from the USPTO during prosecution of the '487 Application. Defendants deny the remainder of the paragraph.

338.    Denied.

339.    This paragraphs includes legal recitations not requiring a response.  To the extent a response is required, Defendants admit '487 Application was not co-pending with either the '140 or '141 provisional applications and that the '140 and '141 provisional applications share the same filing date as the '957 Application.

340.    Denied.

341.    Denied.

342.    Denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the' 487 Application. Defendants deny the remainder of the paragraph.

347.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the '487 Application. Defendants deny the remainder of the paragraph.

348.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the '487 Application. Defendants deny the remainder of the paragraph.

349.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the '487 Application. Defendants deny the remainder of the paragraph.

350.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the '487 Application. Defendants deny the remainder of the paragraph.

351.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the' 487 Application. Defendants deny the remainder of the paragraph.

352.     Denied.

353.     Denied.

354.     Denied.

355.     Denied, except admitted that the Applicant paid the issue fee.

356.     Admitted that correspondence was filed with and received from the USPTO during prosecution of the '487 Application. Defendants deny the remainder of the paragraph.

357.     Denied.

358.     Admitted.

### The '912 Application

359.     Denied, except admitted that the '912 Application was filed as a continuation of the '158 Application.

28

360. Admitted that correspondence was filed with and received from the USPTO during prosecution of the '912 Application. Defendants deny the remainder of the paragraph.

361. Admitted.

362. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

### *The Five Accused Patents*

#### 1) The '823 Patent

363. Denied, except admitted that the '823 Patent is entitled "HYPERLINK WITH GRAPHICAL CUE."

364. Denied.

365. Admitted that the '823 Patent comprises both independent and dependent claims. Defendants deny the remainder of the paragraph.

366. Denied, except admitted that the claims of the '823 Patent particularly point out and distinctly claim the invention and are fully supported by the specification.

367. Denied, except admitted that the claims of the '823 Patent particularly point out and distinctly claim the invention and are fully supported by the specification.

368. Denied, except admitted that the claims of the '823 Patent particularly point out and distinctly claim the invention and are fully supported by the specification.

369. Denied, except admitted that the claims of the '823 Patent particularly point out and distinctly claim the invention and are fully supported by the specification.

370. Denied, except admitted that the claims of the '823 Patent particularly point out and distinctly claim the invention and are fully supported by the specification.

371. Denied.

29

372.    Denied.

373.    Denied.

### 2) The '623 Patent

374.    Denied, except admitted that the '623 Patent is entitled "HYPERLINK WITH GRAPHICAL CUE."

375.    Denied.

376.    Admitted that the '623 Patent comprises both independent and dependent claims. Defendants deny the remainder of the paragraph.

377.    Denied, except admitted this paragraph purports to reproduce portions of the '623 Patent.

378.    Denied, except admitted this paragraph purports to reproduce portions of the '623 Patent.

379.    Denied.

### 3) The '793 Patent

380.    Denied, except admitted that the '793 Patent is entitled "HYPERLINK WITH GRAPHICAL CUE."

381.    Denied.

382.    Admitted that the '793 Patent comprises both independent and dependent claims. Defendants deny the remainder of the paragraph.

383.    Denied, except admitted that this paragraph purports to reproduce portions of the '793 Patent.

30

384.     Denied, except admitted that this paragraph purports to reproduce portions of the '793 Patent.

385.     This paragraph contains legal conclusions but is denied to the extent a response is required.

386.     Denied, except admitted that this paragraph purports to reproduce portions of the '793 Patent..

387.     Denied, except admitted that this paragraph refers to the '793 Patent.

4) The '164 Patent

388.     Denied, except admitted that the '164 Patent is entitled "HYPERLINK WITH GRAPHICAL CUE."

389.     Denied.

390.     Admitted that the '164 Patent comprises both independent and dependent claims. Defendants deny the remainder of the paragraph.

391.     Denied, except admitted that this paragraph purports to reproduce portions of the '164 Patent.

392.     Denied, except admitted that this paragraph purports to reproduce portions of the '164 Patent.

393.     Admitted that all four independent claims of the '164 Patent are method claims. Defendants deny the remainder of the paragraph.

394.     This paragraphs recite legal conclusions requiring no response.  To the extent a response is required,  denied.

5) The '260 Patent

31

395.     Denied, except admitted that the '260 Patent is entitled "HYPERLINK WITH GRAPHICAL CUE."

396.     Denied.

397.     Admitted that the '260 Patent comprises both independent and dependent claims. Defendants deny the remainder of the paragraph.

398.     Denied, except admitted Plaintiff purports to quote from the '260 Patent.

399.     Denied, except admitted Plaintiff purports to quote from the '260 Patent.

*The Accused Schaefer Website*

400.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations to admit or deny.  Defendants admit Schaefer has represented it "operates https://www.ssi-schaefer.com/en-us."

401.     Defendants admit Plaintiff has made representations that its website is hosted on a network of servers that are located in Germany.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, in part because of Plaintiff's inconsistent statements about being  "the owner and operator of https://www.ssi-schaefer.com/en-us" versus that it just "operates https://www.ssi-schaefer.com/en-us," and therefore denies the allegations.

402.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

403.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

404.     This paragraph contains legal conclusions to which no response is required. To

32

the extent that a response is required, Defendants deny.

405.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

406.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

407.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

### *The Accused Schaefer Website Does Not Infringe the Asserted Patents*

408.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

#### *1) There is No "Navigation to a Destination," i.e., an External Website*

409.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

410.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

411.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

412.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

413.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

414.    This paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny.

33

415.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

### 2) Each Web Page Has A Unique Instance of Menu Options

416.    Denied.

417.    This paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny.

418.    Denied.

419.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

420.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

421.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

422.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

423.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

424.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

425.    This paragraph contains legal conclusions  to which no response is required. To the extent that a response is required, Defendants deny.

426.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

34

427.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

428.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

429.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

430.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

431.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

432.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

433.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

434.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

435.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

436.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

437.	This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

438.	This paragraph contains legal conclusions to which no response is required. To

the extent that a response is required, Defendants deny.

439. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

440. Denied, except admitted that the claims of the '164 Patent particularly point out and distinctly claim the invention and are fully supported by the specification.

441. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

442. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

443. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

444. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

445. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny..

446. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

447. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

448. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

449. Admitted.

450. This paragraph contains legal conclusions to which no response is required. To

36

the extent that a response is required, Defendants deny.

451.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

452.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

453.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

454.    Defendants admit Plaintiff has made representations that its website is hosted on a network of servers that are located in Germany.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, in part because of Plaintiff's inconsistent statements about being  "the owner and operator of https://www.ssi-schaefer.com/en-us" versus that it just "operates https://www.ssi-schaefer.com/en-us," and therefore denies the allegations.

455.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

456.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

457.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

458.    Admitted.

459.    This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

460.    This paragraph contains legal conclusions to which no response is required. To

37

the extent that a response is required, Defendants deny.

461. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

462. Admitted that the Schaefer website includes code necessary to generate the respective web pages.

463. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

464. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

465. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

466. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

467. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

*The Accused Patents are*
*Directed to Patent Ineligible Subject Matter Under 35 U.S.C. § 101*

468. This paragraph contains legal conclusions to which no response is required.

469. This paragraph contains legal conclusions to which no response is required.

470. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

*The Accused Patents are*
*Anticipated and/or Obvious Under 35 U.S.C. §§ 102 and 103*

471. This paragraph contains legal conclusions to which no response is required. To

38

the extent that a response is required, Defendants deny.

### *The Accused Patents*
### *Improperly Introduce New Matter and are Invalid under 35 U.S.C. §§ 112 and/or 132*

472.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

473.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

474.     Denied.

475.     Admitted that the '140 and '141 provisional applications share the same filing date as the '957 Application and are properly "incorporated by reference" in the '957 Application, but otherwise deny.

476.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

477.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny.

### *The Asserted Patents are Unenforceable Because of*
### *Defendants' Inequitable Conduct and Prosecution Laches*

478.     Denied.

479.     Denied.

480.     Denied.

481.     Denied.

482.     Denied.

483.     Denied.

484.     Denied.

485. Denied.

486. Denied.

487. Denied.

488. Denied.

489. Denied.

490. Denied.

491. Denied.

492. Denied.

493. This paragraph contains legal conclusions but to the extent a response is required, denied.

494. This paragraph contains legal conclusions but to the extent a response is required, denied.

495. Denied.

496. Denied.

497. Denied.

498. Denied.

499. Denied.

500. Denied.

501. Denied.

### Defendants' Demand Letter and Conduct During Licensing Negotiations

502. Admitted to the extent Exhibit 6 purports to be a March 4, 2022 letter addressed to Mr. Brett Belda of "SSI Schaefer" but otherwise denied.

503. Admitted that the March 4, 2022, letter was signed by Andrew Gordon and

admitted that the March 4, 2022, letter identified GSP as Aloft Media, LLC's authorized licensing agent, but otherwise denied.

504.  Admitted that the March 4, 2022, letter stated "We are contacting and offering licenses to you and other companies like yours that we believe may be infringing one or more claims of the patents in the portfolio," but otherwise denied.  The letter was not to Plaintiff nor a "Demand Letter."

505.  Admitted that Exhibit 17 is a purported document contains information regarding Aloft's licenses.

506.  Denied.

507.  Denied.

508.  Denied.

509.  Denied.

510.  Denied.

511.  Denied.

512.  Denied.

513.  Denied.

514.  Denied.

515.  Denied.

516.  Denied.

517.  Denied.

518.  Denied.

519.  Admitted to the extent that as of March 4, 2022, Defendants were aware of the German entity SSI Schaefer headquartered in Neunkirchen, Germany which appears, on

information and belief, to be comprised of SSI Schäfer Holding International, GmbH and/or Fritz

Schäfer GmbH & Co KG. The remaining allegations are denied.

520.     Admitted to the extent Defendants were aware of the German entity SSI Schaefer

headquartered in  Neunkirchen, Germany prior to September 29, 2022 which appears to be

comprised of , upon information and belief, SSI Schäfer Holding International, GmbH and/or

Fritz Schäfer GmbH & Co KG. The remaining allegations are denied.

521.     Denied.

522.     Denied.

523.     Denied.

524.     Denied.

525.     Denied.

526.     Denied.

527.     Denied.

528.     Denied.

529.     Denied.

530.     Denied.

531.     Denied.

532.     Denied.

533.     Denied.

534.     Denied.

535.     Denied.

536.     This paragraph contains legal conclusions not requiring a response. The

remainder is denied.

537. This paragraph contains legal conclusions not requiring a response.

538. Denied.

539. Denied.

540. Denied.

541. Denied.

542. Denied.

543. Denied.

544. Denied.

545. Denied.

546. To the extent this paragraph requires a response, denied.

547. Denied.

548. Denied.

549. Denied.

550. Denied.

551. Denied.

552. Denied.

553. Denied.

554. Denied.

555. Denied.

556. Denied.

557. Denied.

558. Denied.

559. Denied.

560. Denied.

561. Denied.

562. Denied.

563. Denied.

564. Denied.

565. Denied.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF
## U.S PATENT NO. 10,042,823
### *(28 U.S.C. § 2201)*

566. Defendants repeats and incorporates by reference paragraphs 1-565 above, as though fully set forth herein.

567. Denied.

568. Denied.

569. Denied.

570. Denied.

571. Denied.

572. Denied.

573. Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT II – DECLARATION OF NON-INFRINGEMENT OF
## U.S PATENT NO. 10,078,623
### (28 U.S.C. § 2201)

574. Defendants repeats and incorporates by reference paragraphs 1-573 above, as though fully set forth herein.

575. Denied.

44

576. Denied.

577. Denied.

578. Denied.

579. Denied.

580. Denied.

581. Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT III – DECLARATION OF NON-INFRINGEMENT OF
## U.S PATENT NO. 10,372,793
*(28 U.S.C. § 2201)*

582. Defendants repeats and incorporates by reference paragraphs 1-581 above, as though fully set forth herein.

583. Denied.

584. Denied.

585. Denied.

586. Denied.

587. Denied.

588. Denied.

589. Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT IV – DECLARATION OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 10,482,164
*(28 U.S.C. § 2201)*

590. Defendants repeats and incorporates by reference paragraphs 1-589 above, as though fully set forth herein.

45

591.    Denied.

592.    Denied.

593.    Denied.

594.    Denied.

595.    Denied.

596.    Denied.

597.    Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT V – DECLARATION OF NON-INFRINGEMENT OF
### U.S PATENT NO. 11,308,260
*(28 U.S.C. § 2201)*

598.    Defendant repeats and incorporates by reference paragraphs 1-597 above, as though fully set forth herein.

599.    Denied.

600.    Denied.

601.    Denied.

602.    Denied.

603.    Denied.

604.    Denied.

605.    Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT VI – DECLARATION OF INVALIDITY OF
### U.S PATENT NO. 10,042,823
*(28 U.S.C. § 2201; 35 U.S.C. §§ 101, 102, 103, 112, 132)*

606.    Defendants repeats and incorporates by reference paragraphs 1-605 above, as

though fully set forth herein.

607. Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

608. Denied.

609. Denied.

610. Denied.

611. Denied.

612. Denied.

613. Denied.

614. Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT VII – DECLARATION OF INVALIDITY OF
## U.S PATENT NO. 10,078,623
*(28 U.S.C. § 2201; 35 U.S.C. §§ 101, 102, 103, 112, 132)*

615. Defendants repeats and incorporates by reference paragraphs 1-614 above, as though fully set forth herein.

616. Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

617. Denied.

618. Denied.

619. Denied.

620. Denied.

621. Denied.

622. Denied.

47

623.    Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

## COUNT VIII – DECLARATION OF INVALIDITY OF
### U.S PATENT NO. 10,372,793
*(28 U.S.C. § 2201; 35 U.S.C. §§ 101, 102, 103, 112, 132)*

624.    Defendants repeats and incorporates by reference paragraphs 1-623 above, as though fully set forth herein.

625.    Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied. Plaintiff is entitled to no relief.

626.    Denied.

627.    Denied.

628.    Denied.

629.    Denied.

630.    Denied.

631.    Denied.

632.    Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied.  Plaintiff is entitled to no relief.

## COUNT IX – DECLARATION OF INVALIDITY OF
### U.S PATENT NO. 10,482,164
*(28 U.S.C. § 2201; 35 U.S.C. §§ 101, 102, 103, 112, 132)*

633.    Defendants repeats and incorporates by reference paragraphs 1-632 above, as though fully set forth herein.

634.    Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied.  Plaintiff is entitled to no relief.

635.    Denied.

48

636.     Denied.

637.     Denied.

638.     Denied.

639.     Denied.

640.     Denied.

641.     Admitted that Plaintiff has made the allegation but otherwise the paragraph is denied.  Plaintiff is entitled to no relief.

## COUNT X – DECLARATION OF INVALIDITY OF
## U.S PATENT NO. 11,308,260
*(28 U.S.C. § 2201; 35 U.S.C. §§ 101, 102, 103, 112, 132)*

642.     Defendants repeats and incorporates by reference paragraphs 1-641 above, as though fully set forth herein.

643.     Defendants admits that Plaintiff claims it is seeking relief but denies Plaintiff is entitled to any.  The rest of the paragraph is denied.

644.     Denied.

645.     Denied.

646.     Denied.

647.     Denied.

648.     Denied.

649.     Denied.

650.     Defendants admits Plaintiff claims it is seeking relief, but denies it is entitled to any.  Aloft denies the remainder of this paragraph.

## COUNT XI – INEQUITABLE CONDUCT
*(As to Defendant Aloft)*

49

651.    Aloft repeats and incorporates by reference paragraphs 1-650 above, as though fully set forth herein.

652.    The paragraph does not state any allegation that requires a response.

653.    The paragraph does not state any allegation that requires a response.

654.    This paragraph does not state any allegation that requires a response.

655.    Denied.

656.    Denied.

The Prosecuting Attorneys' and Agents of Aloft and its Related Predecessors-in-Interest Unmistakably and Materially False Statements to the USPTO

657.    Denied.

658.    Denied.

659.    Denied.

660.    Denied.

661.    This paragraph contains legal conclusions not requiring a response and the remainder is denied.

Specific Intent to Deceive the USPTO

662.    This paragraph states a legal conclusion that does not require a response.

663.    Denied.

664.    Denied.

665.    Denied.

666.    Denied.

667.    Aloft admits 35 U.S.C. § 132 is titled "Notice of rejection; reexamination" and states:

50

"(a)Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Director shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be re-examined. No amendment shall introduce new matter into the disclosure of the invention.

"(b)The Director shall prescribe regulations to provide for the continued examination of applications for patent at the request of the applicant. The Director may establish appropriate fees for such continued examination and shall provide a 50 percent reduction in such fees for small entities that qualify for reduced fees under section 41(h)(1)."

The remainder of this paragraph is denied.

668.    Denied.

669.    Denied.

670.    Denied.

**COUNT XII – PROSECUTION LACHES**
*(As to Defendant Aloft)*

671.    Aloft repeats and incorporates by reference paragraphs 1-670 above, as though fully set forth herein.

672.    Denied.

673.    Denied.

51

674. Denied.

## COUNT XIII – VIOLATION OF THE
## NORTH CAROLINA ABUSIVE PATENT ASSERTION ACT
### *(All Defendants) (N.C. Gen. Stat. §§ 75-140, et seq.)*

675. Defendants repeat and incorporate by reference paragraphs 1-674 above, as though fully set forth herein.

676. Denied.

677. Denied.

678. Denied.

679. Denied.

680. Denied.

681. Denied.

682. Denied.

683. Denied.

684. Denied.

685. To the extent this paragraph requires a response, denied.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof they would not otherwise bear, Defendants assert the following separate and additional affirmative defenses, all of which are pleaded in the alternative.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Declaratory Judgment Complaint (Dkt. No. 28) fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are not subject to personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under principles of equity, including but not limited to equitable estoppel and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff lacks standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced or increased damages, or attorneys' fees, on the basis that this case is exceptional. Defendants reserve the right to move for attorneys' fees on the basis that this case is frivolous or otherwise exceptional in a manner that warrants an award of attorneys' fees to Defendants under 35 U.S.C. § 285.

## SIXTH AFFIRMATIVE DEFENSE

Venue is improper as to Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Venue is inconvenient as to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 1404, this action should be litigated in the Eastern District of Texas.

## NINTH AFFIRMATIVE DEFENSE

Defendants' actions were made in good-faith in accordance with N.C. Gen. Stat. § 75-143(b)(3), and Defendants are therefore entitled to its costs and fees incurred in this action, including reasonable attorneys' fees in accordance with N.C. Gen. Stat. § 75-145(c).

53

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to assert any other legal or equitable defenses to which they are entitled.

## COUNTERCLAIMS

Counterclaim Plaintiff Aloft Media, LLC ("Aloft" or "Counterclaim Plaintiff") for its Complaint against Counterclaim Defendant SSI Schafer Holding International, GmbH, Counterclaim Defendant Fritz Schafer GmbH & Co, and Counterclaim Defendant Schaefer Systems International, Inc., (individually each as "SSI Schafer", "Fritz", "Schaefer Inc." and collectively "Counterclaim Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Counterclaim Plaintiff is a limited liability company organized under the laws of the State of Texas with a place of business at 211 West Tyler Street, Suite C-1, Longview, Texas 75601-6398.

3. Upon information and belief, is SSI Schafer a corporation organized and existing under the laws of Germany, with a place of business at 57290 Neunkirchen, Germany. Upon information and belief, SSI Schafer sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

54

4. Upon information and belief, Fritz is a corporation organized and existing under the laws of Germany, with a place of business at 57290 Neunkirchen / Siegerland Germany. Upon information and belief, Fritz sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

5. Upon information and belief, Schaefer Inc. is a corporation organized and existing under the laws of North Carolina, with a place of business at 10021 Westlake Drive, Charlotte, North Carolina 28273. Upon information and belief, Schaefer Inc. sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §1400(b). On information and belief, Counterclaim Defendants have committed acts of infringement in this District and at least Schaefer Inc. has a regular and established place of business within this District. On information and belief, Schaefer Inc. is incorporated in the State of North Carolina.

9. On information and belief, each Counterclaim Defendant is subject to this Court's general and specific personal jurisdiction because each Counterclaim Defendant has sufficient

minimum contacts within the State of North Carolina and this District, pursuant to due process and/or North Carolina's longarm statute, N.C. Gen. Stat. § 1-75.4 because each Counterclaim Defendant purposefully availed itself of the privileges of conducting business in the State of North Carolina and in this District, because each Counterclaim Defendant regularly conducts and solicits business within the State of North Carolina and within this District, and because, without waiving Counterclaim Plaintiff Aloft's objections to personal jurisdiction, Counterclaim Plaintiff's causes of action arise directly from each of Counterclaim Defendant's business contacts and other activities in the State of North Carolina and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,042,823

10. The allegations set forth in the foregoing paragraphs 1 through 9 are incorporated into this First Claim for Relief.

11. On August 7, 2018, U.S. Patent No. 10,042,823 ("the '823 patent"), entitled "HYPERLINK WITH GRAPHICAL CUE," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '823 patent is attached as Exhibit 1.

12. Pursuant to 35 U.S.C. § 282, the '823 patent is presumed valid.

13. The inventions of the '823 patent resolve technical problems related to an improved user interface for computing devices.

14. The claims of the '823 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '823 patent recite one or more inventive concepts that are rooted in an improved user interface for a computing device, and overcome problems specifically arising in the realm of computerized webpage navigation technologies.

56

15. Counterclaim Plaintiff is the assignee and owner of the right, title and interest in and to the '823 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16. Upon information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants practice and continue to practice a method of at least one claim of the '823 patent by practicing the steps when operating or hosting the website at www.ssi-schaefer.com/en-us, as demonstrated in the illustrative claim chart attached as Ex. 1.

17. On information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants infringe at least one claim of the '823 patent by providing an apparatus as demonstrated in the illustrative claim chart attached as Ex. 1. Further, Counterclaim Defendants, jointly with a third party or through joint enterprise, infringe at least one claim of the '823 patent as illustrated in the claim chart attached as Ex. 1 because they direct and/or control the actions of third parties by providing code to such third parties that when executed directly infringes the '823 patent. Additionally, Schaefer Sys. Int'l, Inc. infringes at least one claim of the '823 patent as illustrated in the claim chart attached as Ex. 1 when its employees use the website at www.ssi-schaefer.com/en-us.

18. On information and belief, Counterclaim Defendants continue to violate 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer"). Counterclaim Defendants have had knowledge of the '823 patent since at least as early as May 9 of 2022. On or about that date, Counterclaim Defendants were sent a claim chart demonstrating infringement of the '823 patent. Infringement is also demonstrated in the illustrative claim chart attached as Ex. 1. With knowledge of the '823 patent, Counterclaim

57

Defendants induce third parties to practice the method. Inducement is apparent from the operation of the accused website at www.ssi-schaefer.com/en-u.

19.     Counterclaim Defendants' acts of infringement have caused and continues to cause damage to Counterclaim Plaintiff. Counterclaim Plaintiff is entitled to recover from Counterclaim Defendants the damages sustained by Counterclaim Plaintiff as a result of Counterclaim Defendants' wrongful acts.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,078,623**

20.     The allegations set forth in the foregoing paragraphs 1 through 20 are incorporated into this Second Claim for Relief.

21.     On September 18, 2018, U.S. Patent No. 10,078,623 ("the '623 patent"), entitled "HYPERLINK WITH GRAPHICAL CUE," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '623 patent is attached as Exhibit 4.

22.     Pursuant to 35 U.S.C. § 282, the '623 patent is presumed valid.

23.     The inventions of the '623 patent resolve technical problems related to an improved user interface for computing devices.

24.     The claims of the '623 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '623 patent recite one or more inventive concepts that are rooted in an improved user interface for a computing device, and overcome problems specifically arising in the realm of computerized webpage navigation technologies.

25.     Counterclaim Plaintiff is the assignee and owner of the right, title and interest in and to the '623 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

58

26.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants practice and continue to practice a method of at least one claim of the '623 patent by practicing the steps when operating or hosting the website at www.ssi-schaefer.com/en-us, as demonstrated in the illustrative claim chart attached as Ex. 2.

27.     On information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants infringe at least one claim of the '623 patent by providing an apparatus as demonstrated in the illustrative claim chart attached as Ex. 2.  Further, Counterclaim Defendants, jointly with a third party or through joint enterprise, infringe at least one claim of the '623 patent as illustrated in the claim chart attached as Ex. 2 because they direct and/or control the actions of third parties by providing code to such third parties that when executed directly infringes the '623 patent.  Additionally, Schaefer Sys. Int'l, Inc. infringes at least one claim of the '623 patent as illustrated in the claim chart attached as Ex. 2 when its employees use the website at www.ssi-schaefer.com/en-us.

28.     On information and belief, Counterclaim Defendants continue to violate 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer"). Counterclaim Defendants have had knowledge of the'623 patent since at least as early as May 9 of 2022.  On or about that date, Counterclaim Defendants were sent a claim chart demonstrating infringement of the '623 patent.  Infringement is also demonstrated in the illustrative claim chart attached as Ex. 2.  With knowledge of the '623 patent, Counterclaim Defendants induce third parties to practice the method.  Inducement is apparent from the operation of the accused website at www.ssi-schaefer.com/en-us.

29.     Counterclaim Defendants' acts of infringement have caused and continues to cause damage to Counterclaim Plaintiff. Counterclaim Plaintiff is entitled to recover from

Counterclaim Defendants the damages sustained by Counterclaim Plaintiff as a result of Counterclaim Defendants' wrongful acts.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,372,793

30. The allegations set forth in the foregoing paragraphs 1 through 30 are incorporated into this Third Claim for Relief.

31. On August 6, 2019, U.S. Patent No. 10,372,793 ("the '793 patent"), entitled "HYPERLINK WITH GRAPHICAL CUE," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '793 patent is attached as Exhibit 6.

32. Pursuant to 35 U.S.C. § 282, the '793 patent is presumed valid.

33. The inventions of the '793 patent resolve technical problems related to an improved user interface for computing devices.

34. The claims of the '793 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '793 patent recite one or more inventive concepts that are rooted in an improved user interface for a computing device, and overcome problems specifically arising in the realm of computerized webpage navigation technologies.

35. Counterclaim Plaintiff is the assignee and owner of the right, title and interest in and to the '793 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

36. Upon information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants practice and continue to practice a method of at least one claim of the '793 patent by practicing the steps when operating or hosting the website at www.ssi-schaefer.com/en-us, as demonstrated in the illustrative claim chart attached as Ex. 3.

60

37.     On information and belief, Counterclaim Defendants continue to violate 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer"). Counterclaim Defendants have had knowledge of the'793 patent since at least as early as March 4 of 2022 and May 9 of 2022.  On or about that date, Counterclaim Defendants were sent a claim chart demonstrating infringement of the '793 patent.  Infringement is also demonstrated in the illustrative claim chart attached as Ex. 3.  With knowledge of the '793 patent, Counterclaim Defendants induce third parties to practice the method.  Inducement is apparent from the operation of the accused website at www.ssi-schaefer.com/en-u.

38.     Counterclaim Defendants' acts of infringement have caused and continues to cause damage to Counterclaim Plaintiff. Counterclaim Plaintiff is entitled to recover from Counterclaim Defendants the damages sustained by Counterclaim Plaintiff as a result of Counterclaim Defendants' wrongful acts.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,482,164

39.     The allegations set forth in the foregoing paragraphs 1 through 39 are incorporated into this Fourth Claim for Relief.

40.     On November 19, 2019, U.S. Patent No. 10,482,164 ("the '164 patent"), entitled "HYPERLINK WITH GRAPHICAL CUE," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '164 patent is attached as Exhibit 11.

41.     Pursuant to 35 U.S.C. § 282, the '164 patent is presumed valid.

42.     The inventions of the '164 patent resolve technical problems related to an improved user interface for computing devices.

61

43.     The claims of the '164 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '164 patent recite one or more inventive concepts that are rooted in an improved user interface for a computing device, and overcome problems specifically arising in the realm of computerized webpage navigation technologies.

44.     Counterclaim Plaintiff is the assignee and owner of the right, title and interest in and to the '164 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

45.     Upon information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants practice and continue to practice a method of at least one claim of the '164 patent by practicing the steps when operating or hosting the website at www.ssi-schaefer.com/en-us, as demonstrated in the illustrative claim chart attached as Ex. 4.

46.     On information and belief, Counterclaim Defendants continue to violate 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer"). Counterclaim Defendants have had knowledge of the '164 patent since at least as early as May 9 of 2022.  On or about that date, Counterclaim Defendants were sent a claim chart demonstrating infringement of the '164 patent.  Infringement is also demonstrated in the illustrative claim chart attached as Ex. 4.  With knowledge of the '164 patent, Counterclaim Defendants induce third parties to practice the method.  Inducement is apparent from the operation of the accused website at www.ssi-schaefer.com/en-u.

47.     Counterclaim Defendants' acts of infringement have caused and continues to cause damage to Counterclaim Plaintiff. Counterclaim Plaintiff is entitled to recover from

Counterclaim Defendants the damages sustained by Counterclaim Plaintiff as a result of Counterclaim Defendants' wrongful acts.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 11,308,260

48.     The allegations set forth in the foregoing paragraphs 1 through 48 are incorporated into this Fifth Claim for Relief.

49.     On April 19, 2022, U.S. Patent No. 11,308,260 ("the '260 patent"), entitled "HYPERLINK WITH GRAPHICAL CUE," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '260 patent is attached as Exhibit 16.

50.     Pursuant to 35 U.S.C. § 282, the '260 patent is presumed valid.

51.     The inventions of the '260 patent resolve technical problems related to an improved user interface for computing devices.

52.     The claims of the '260 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '260 patent recite one or more inventive concepts that are rooted in an improved user interface for a computing device, and overcome problems specifically arising in the realm of computerized webpage navigation technologies.

53.     Counterclaim Plaintiff is the assignee and owner of the right, title and interest in and to the '260 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

54.     On information and belief, in violation of 35 U.S.C. § 271(a), Counterclaim Defendants infringe at least one claim of the '260 patent by providing a computer program product as demonstrated in the illustrative claim chart attached as Ex. 5.  Further, Counterclaim

63

Defendants, jointly with a third party or through joint enterprise, infringe at least one claim of the '260 patent as illustrated in the claim chart attached as Ex. 5 because they direct and/or control the actions of third parties by providing code to such third parties that when executed directly infringes the '260 patent. Additionally, Schaefer Sys. Int'l, Inc. infringes at least one claim of the '260 patent as illustrated in the claim chart attached as Ex. 5 when its employees use the website at www.ssi-schaefer.com/en-us.

55. On information and belief, Counterclaim Defendants continue to violate 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer"). Counterclaim Defendants have had knowledge of the '260 patent since at least as early as September 20 of 2022. On or about that date, Counterclaim Defendants were sent a claim chart demonstrating infringement of the '260 patent. Infringement is also demonstrated in the illustrative claim chart attached as Ex. 5. With knowledge of the '260 patent, Counterclaim Defendants induce third parties to use the computer program product. Inducement is apparent from the operation of the accused website at www.ssi-schaefer.com/en-us.

56. Counterclaim Defendants' acts of infringement have caused and continues to cause damage to Counterclaim Plaintiff. Counterclaim Plaintiff is entitled to recover from Counterclaim Defendants the damages sustained by Counterclaim Plaintiff as a result of Counterclaim Defendants' wrongful acts.

## JURY DEMAND

Pursuant to Fed. R. Civ P. 38(b), Defendants hereby demand a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the Court to enter:

64

A.     A judgment that Plaintiff take nothing by its claims;

B.     A judgment in favor of Counterclaim Plaintiff that Counterclaim Defendants have infringed the Asserted Patents

C.     A judgment and order requiring Counterclaim Defendants to pay Counterclaim Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Counterclaim Defendants' infringement of the Asserted Patents, as provided in 35 U.S.C. § 285;

D.     Judgment that this is an exceptional case, and, thus, awarding attorney fees and expenses to Plaintiff as provided in 35 U.S.C. § 285;

E.     A judgment awarding Defendants all recoverable damages, costs, expenses, and attorneys' fees to which Defendants are entitled under N.C. Gen. Stat. § 75-145(c); and

F.     Any and all other relief to which Defendants are entitled.

Dated: July 28, 2023

s/ Derek Dahlgren
Derek Dahlgren (*pro hac vice*)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
410-375-7230
ddahlgren@devlinlawfirm.com

J. Douglas Grimes
Allen, Chesson & Grimes
505 N. Church Street
Charlotte, NC 28202
704-755-6012
dgrimes@allenchesson.com

*Attorneys for Defendant*
*George Andrew Gordon*

66

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

/s/ Derek Dahlgren
Derek Dahlgren

Case 3:22-cv-00513-KDB-DCK   Document 85   Filed 07/28/23   Page 67 of 67